PER CURIAM.
This cause involves a libel action by George Brautigam against the Miami Herald Publishing Company, as publishers of The Miami Herald newspaper. A jury verdict awarded Mr. Brautigam $25,000 compensatory damages and $75,000 punitive damages. Subsequent to the trial court’s judgment Mr. Brautigam passed away and his wife was substituted as appellee.
The trial court’s decision was appealed to the District Court of Appeal, Third District, which transferred the cause to this court on the ground that
“inherent in the judgment appealed from there was the construction of controlling provisions of the Florida and Federal Constitutions guaranteeing freedom of the press.” [1]
The instant proceeding has received our laborious consideration. Two oral arguments and many full court conferences have been held as part of our efforts to resolve the vexatious jurisdictional problem involved. Such an exhaustive consideration of this appeal was necessary because of its landmark importance in the framework of our efforts to define the periphery of our jurisdiction as limited by amended Article V of the Florida Constitution, F.S.A.
We have now reached the conclusion that we do not have jurisdiction because the trial court did not construe a control *432 ling provision of the Florida or Federal Constitution.[2]
Our unauthorized exercise of jurisdiction herein would set a precedent requiring us to accept appeals as. a matter of right in all libel trials.
There is no feature of this case which distinguishes it from other libel suits as is obvious from the judgment entered in the cause which is as follows:
“George A. Brautigam, Plaintiff, v. Final The Miami Herald Publish- Judgment ing Co., a Florida corporation, Defendant.
“This Action came on for trial in open Court on 10 February 1958. The Jury was impanelled and sworn to try the issues involved. At the close of all the evidence, after hearing the arguments of counsel and the instructions of the Court, the Jury retired and deliberated. Thereafter, on 14 February 1958, the Jury returned in open Court their verdict, in words and figures as follows:
“ ‘In the Circuit Court Dade County, Florida No. 38536
“ ‘George A. Brautigam, v. The Miami Herald Publishing Co., a Florida corporation
“ ‘We, the Jury, find for the plaintiff, George A. Brautigam, and assess his compensatory damages in the sum of Twenty Five Thousand ($25,000.00) Dollars, and assess his punitive damages in the sum of Seventy Five Thousand ($75,000.00) Dollars.
“ ‘So say we, all.
/s/ Lester A. York
Foreman
“‘Dated: February 14, 1958/
“It Is Hereby Ordered, And Adjudged that the Plaintiff have and recover of and from the Defendant, The Miami Herald Publishing Co., the sum of One Hundred Thousand ($100,000.00) Dollars, together with interest and the costs of this action. For which sum let execution issue.
“Dated at Miami, Dade County, Florida, on this 17 day of February, A.D., 1958.”
A decision to take jurisdiction would, therefore, be contrary to amended Article V of the Florida Constitution. Said amendment does not give us jurisdiction by direct appeal in cases involving libel, as it does in capital punishment cases, bond validations and judgments or decrees directly passing upon the validity of a state or federal statute or treaty, unless it be determined that the trial court did in fact construe a controlling provision of either the Florida or Federal Constitution. For the reasons above stated, it is our opinion that all points raised herein relate to matters within the ordinary appellate jurisdiction of the district courts. Since we have disposed of this case upon jurisdictional grounds, it follows that we have not reached or considered its merits.
Therefore, in accordance with Florida Appellate Rule 2.1, subd. a(5) (d), 31 F.S.A., the Notice of Appeal and all papers filed herein should, at the expiration of five days from the filing of this opinion, be transferred to the .District Court of Appeal, Third District.
It is so ordered.
THOMAS, C. J., and HOBSON, DREW, THORNAL and O’CONNELL, JJ., concur.
TERRELL and ROBERTS, JJ., agree to judgment.

. See Article Y, Section 4(2) of tlie Florida Constitution.

. See Beauharnais v. People of State of Illinois, 1951, 343 U.S. 250, 72 S.Ct. 725, 96 L.Ed. 919; Layne v. Tribune Co., 1933, 108 Fla. 177, 146 So. 234, 235, 238, 86 A.L.R. 466.