192 So.2d 518 (1966)
STATE of Florida ex rel. SENTINEL STAR COMPANY, Inc., a Delaware Corporation, Relator,
v.
The Honorable Douglas S. LAMBETH, Sitting by Special Appointment in the Criminal Court of Record in and for Orange County, Florida, and Arlene Geyer Carlton, Respondents.
No. 1141.
District Court of Appeal of Florida. Fourth District.
December 3, 1966.
*520 George T. Eidson, Jr., of Akerman, Senterfitt, Eidson, Mesmer & Robbinson, Orlando, and Don H. Reuben, Edwin T. Sujack, Lawrence Gunnels and Frank Cicero, Jr., of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for relator.
SMITH, Chief Judge.
In this original jurisdiction proceeding the relator asks that this court take jurisdiction and declare an order of the Criminal Court of Record for Orange County, dated September 7, 1966, and reaffirmed November 10, 1966, to be unconstitutional and null and void by our writ of prohibition or mandamus commanding that the order be not enforced or expunged, or both.
The order in question was entered in a cause now pending in the Criminal Court of Record for Orange County in a certain criminal proceeding styled State of Florida v. Arlene Geyer Carlton, Information No. 98731. In that cause Arlene Geyer Carlton is charged with unlawfully keeping a house of ill fame resorted to for the purpose of prostitution or lewdness. The offense charged is a misdemeanor. See §§ 796.01, 775.06 and 775.08 F.S.A.
The order here in question was a part of a long detailed ruling on certain pretrial motions of the defendant. The part affecting the relator provides:
"6. The Motion to Control the publicity has been argued and granted under authority of the case of Sheppard vs. Maxwell [384 U.S. 333, 86 S.Ct. 1507] in 16 Law Ed. [2d] Page 600 wherein the United States Supreme Court Mr. Justice Clark speaking, took to task the then trial judge for failure to control the News media during the presentation of testimony during the pendency of the cause and the Court has therefore placed hereunder the rule and directed that members of the news media shall not report any testimony presented and/or evidence exhibited unless same shall have been presented in open court in the presence of the jury;
"FURTHER, that defense counsel, all members of the Orange County Solicitor's staff, members of the Orlando Police Department, subpoenaed witnesses, bailiffs, clerks, and other officials in attendance to this Court, be forbidden from commenting upon the subject matter of the litigation to agents and employees of all newspapers, television stations, and radio stations with news reporting coverage within Orange County, Florida during the course of said trial;
"FURTHER, that all agents and employees of all newspapers, television stations, and radio stations with news reporting coverage within Orange County, Florida, be excluded from physically appearing and being within the rail in the Courtroom wherein the trial scheduled to commence on September 6, 1966, is to be held during these times when the Court is in session.
"That the newspaper, television, and radio stations with news reporting coverage within Orange County, Florida, and agents and employees are forbidden to photograph the Defendant and witnesses within the Orange County Court House and the Orange County Court House An[n]ex, Orlando, Florida, during the *521 pendency of this cause and from publishing photographs taken of the Defendant and witnesses within the Orange County Court House and the Orange County Court House Annex, Orlando, Florida.
"The intendment of this Order is to prevent pre-trial publicity of a nature that would tend to adversely affect the rights of the Defendant to a fair trial in the eyes of a prospective jury and would tend to wipe out in the eyes of the prospective jury the presumption of innocence of the Defendant.
"The intendment is further that during the course of the trial only such matters as are properly presented before the jury are to be reported, Supra.
"THIS ORDER is to have no post trial effect."
We first consider whether or not this court has jurisdiction to entertain this cause and issue a writ of prohibition or mandamus directed to the Criminal Court of Record for Orange County involving an order entered in a cause then pending in that court on a charge constituting a misdemeanor.
Article V, Section 5(3), Constitution, F.S.A., prescribes the jurisdiction of this court. As to the issue here, it provides:
"Appeals from trial courts in each appellate district * * * may be taken to the court of appeal of such district as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or the circuit court.
"The supreme court * * * may provide for review by such courts of interlocutory orders or decrees in matters reviewable by the district courts of appeal.
* * * * * *
"* * * A district court of appeal may issue writs of mandamus, certiorari, prohibition, and quo warranto, and also all writs necessary or proper to the complete exercise of its jurisdiction."
The jurisdiction of the Supreme Court is set forth in Article V, Section 4(2), Constitution, which provides in pertinent part:
"Appeals from trial courts may be taken directly to the supreme court, as a matter of right, only * * * from final judgments or decrees * * * construing a controlling provision of the Florida or federal constitution * * * The supreme court may directly review by certiorari interlocutory orders or decrees passing upon chancery matters which upon a final decree would be directly appealable to the supreme court. * * *
* * * * * *
"The supreme court may issue writs of mandamus and quo warranto when a state officer, board, commission, or other agency authorized to represent the public generally, or a member of any such board, commission or other agency, is named as respondent, and writs of prohibition to commissions established by law, to the district courts of appeal, and to the trial courts when questions are involved upon which a direct appeal to the supreme court is allowed as a matter of right. * * *"
As to the jurisdiction of circuit courts, Article V, Section 6(3) of the Constitution provides in pertinent part:
"* * * They [the circuit courts] shall have final appellate jurisdiction * * * of all misdemeanors tried in criminal courts of record * * * The circuit courts and judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, and habeas corpus and all writs necessary or proper to the complete exercise of their jurisdiction. * * *"
Based on the foregoing provisions of the constitution it appears that appellate jurisdiction is not vested in the Supreme Court by direct appeal as a matter of right. This is so because the order of the criminal court of record does not construe a controlling provision of the Florida or federal *522 constitution.[1] See Robinson v. State, Fla. 1961, 132 So.2d 3; Miami Herald Publishing Company v. Brautigam, Fla. 1960, 121 So.2d 431; and Armstrong v. City of Tampa, Fla. 1958, 106 So.2d 407. As stated in these decisions, in order for the Supreme Court to have jurisdiction under the "construing" clause of the constitution it is necessary that the judgment under assault acually construe, as distinguished from apply, a controlling provision of the constitution. The mere fact that a constitutional provision is indirectly involved in the ultimate judgment does not in and of itself convey jurisdiction. To convey jurisdiction to the Supreme Court the trial court must undertake to explain, define or otherwise eliminate existing doubts arising from the language or terms of the constitutional provision. It is not sufficient to confer jurisdiction on the Supreme Court that there was inherent in the judgment appealed the construction of a controlling provision of the constitution.
Since the Supreme Court does not have direct appellate jurisdiction and since the relator has not named as a respondent any state officer, board, commission or other agency authorized to represent the general public generally, or a member of any such board, commission or other agency, the Supreme Court does not have jurisdiction of the petition insofar as it seeks mandamus. The jurisdiction of the Supreme Court to issue writs of prohibition directed to trial courts is limited to cases where questions are involved upon which a direct appeal to the Supreme Court is allowed as a matter of right.[2] Direct appeal to the Supreme Court is not allowed as a matter of right in a misdemeanor cause in a criminal court of record. Therefore, the Supreme Court does not have jurisdiction to issue a writ of prohibition to that court in this cause.
Direct appellate jurisdiction of the misdemeanor cause pending in the Criminal Court of Record for Orange County in which the subject order was entered rests exclusively in the Circuit Court for Orange County. It necessarily follows, therefore, that direct appellate jurisdiction is not vested in this court.
The relator here does not seek to invoke our direct appellate review of the order in question. He petitions us to assume original jurisdiction and to issue our writ of mandamus or writ of prohibition. We recognize the fact that, should relief be sought in the Circuit Court for Orange County, any judgment rendered by that circuit court might and very possibly will construe a controlling provision of the Florida or federal constitution. In that event the Supreme Court might have original jurisdiction by way of appeal under the theory that such a judgment of the circuit court, exercising its appellate jurisdiction, is, nevertheless, a final judgment of a trial court. Or, any such judgment rendered by that circuit court might be reviewable in this court at our discretion, if the Supreme Court does not have jurisdiction by direct appeal. These possibilities of further appellate review after the direct appellate review vested exclusively in the circuit court do not result in the conclusion that either this court or the Supreme Court now has jurisdiction to issue writs of mandamus or *523 prohibition directed to the criminal court of record in the misdemeanor cause now pending there. The jurisdiction to issue such writs initially follows the route of direct appellate jurisdiction. The jurisdiction of the Supreme Court to issue such writs is specified in minute detail. The jurisdiction of this court to issue such writs might at first blush be construed to be without limitation or restriction, but we do not so conclude. We know, for instance, that it was the over-all and, perhaps, paramount purpose of the people of Florida in adopting Article V of the Constitution to establish a unique system for appellate review. There was the firm intent and purpose that each court having appellate jurisdiction be specifically assigned its jurisdiction for direct appellate review as a matter of right; that each, when so exercising that direct appellate jurisdiction, was to act as a court of final appellate jurisdiction (specifically so stated as to the circuit courts); and that any and all other jurisdiction for appellate review, after direct final appellate review, could be had only under the specifically enumerated conditions specified in the article. The purpose was twofold, first, to prevent the court having direct final appellate jurisdiction from becoming an intermediate court or merely a station on the way to further appeal, and, secondly, to prevent any usurpation of the jurisdiction of one appellate court by another. The provisions of the constitution granting this court jurisdiction to issue such writs must be construed to mean that such jurisdiction is limited to those causes in which a direct appeal to this court would be allowed as a matter of right at a later stage of the proceedings below. Any other interpretation would permit a picking and choosing of courts by litigants and the usurpation by one court of the jurisdiction of another, thereby disrupting the carefully laid pattern of appellate jurisdiction set forth in the constitution. We, therefore, hold that jurisdiction of his court to issue writs of mandamus, certiorari, prohibition and quo warranto, insofar as they apply to a court exercising the judicial power of the state, is limited to those causes then pending in which this court has direct appellate jurisdiction.[3] Consequently, this court does not have jurisdiction to entertain the petition for mandamus or prohibition. We must, therefore, *524 decline to issue a rule in prohibition or a rule or alternative writ of mandamus and must dismiss the petition.[4]
The petition is dismissed.
ANDREWS and WALDEN, JJ., concur.
NOTES
[1] This makes it unnecessary for us to determine whether or not the order is a final judgment. Except in chancery causes the appellate jurisdiction of the Supreme Court is limited to review of final judgments. Jones v. Christina, Fla. 1966, 184 So.2d 181. The subject order cannot be construed as a rule of practice and procedure because that rulemaking power is vested in the Supreme Court. Art. V, Sec. 3, Constitution.
[2] The Supreme Court does issue writs of prohibition to the district courts of appeal in cases where no question is involved upon which a direct appeal to the Supreme Court is allowed as a matter of right, thereby holding, without so stating, that the limitation contained in Art. V, Sec. 4(2) of the Constitution is applicable only to writs of prohibition directed to the trial courts. See, e.g., State ex rel. Ervin v. Smith, Fla. 1964, 160 So.2d 518.
[3] For the reasons stated we feel compelled to determine the issue squarely on the question of jurisdiction, noting, however, that, even if both the circuit court and this court have jurisdiction to issue writ of mandamus or prohibition in this cause, nevertheless, the general rule is that a court generally will not issue such a writ against an inferior tribunal where application for such a writ has not been made to an intermediate tribunal having jurisdiction. See 73 C.J.S. Prohibition § 18, and 42 Am.Jur., Prohibition, § 35. This view of concurrent jurisdiction to issue such a writ, but ordinarily declining to do so, is the view taken by the Supreme Court of the United States. The courts of appeals of the United States, unlike the circuit courts of Florida in the exercise of their appellate jurisdiction, are intermediate courts, but even there the power is exercised by the Supreme Court only where the question is of such a nature that it is peculiarly appropriate that the Supreme Court of the United States should take action. Ex parte Republic of Peru, 1943, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014. See also annotation, 111 Am.State Rpts. 925, 933-936. In Florida prior to the adoption in 1956 of the present Article V of the Constitution there was concurrent jurisdiction in the Supreme Court and circuit courts over original proceedings in mandamus. E.g., see State ex rel. Florida Nat. Bank at St. Petersburg v. State Board of Administration, 1934, 115 Fla. 753, 154 So. 876, 156 So. 15 (where the writ was not directed to a court exercising the judicial power of the state). That concurrent jurisdiction terminated with the adoption of the present Article V of the Constitution. The rule that a court having a general grant of power to issue original writs may not issue such writs to a court over which it has no appellate jurisdiction (see State ex rel. Florida Real Estate Commission v. Anderson, Fla.App. 1964, 164 So.2d 265, and State ex rel. Dato v. Himes, 1938, 134 Fla. 675, 184 So. 244, rehearing denied, 135 Fla. 203, 184 So. 648), is not determinative of our question.
[4] This is an original proceeding, and we cannot transfer such a cause to the Circuit Court for Orange County. State ex rel. Borden Company v. Langley, Fla. 1966, 184 So.2d 161.