On Petition for Rehearing
SPECTOR, Judge.
Appellee has filed a petition for rehearing by which he asserts that this Court had no jurisdiction to review the peremptory writ of prohibition issued by the Circuit Court. His assertion is bottomed on the premise that the trial judge “construed” a controlling provision of the Florida Constitution in determining that it had jurisdiction to issue writs of prohibition to the Florida Industrial Commission under powers conferred upon it by Article V, Section 6(3), and that therefore review of the Circuit Court’s peremptory judgment was and is vested solely in the State Supreme Court by the provisions of Article V, Section 4(2). Accordingly, we are asked to vacate our opinion filed July 30, 1968, and transfer this cause to the Florida Supreme Court.
Were appellee’s premise correct that the lower court “construed” the Constitution in its determination that it had the power to issue the prohibition writ in the circumstances here obtaining, we would be re *440 quired to agree that this case was directly appealable to the Supreme Court.
However, in our opinion, the lower court did not “construe” a controlling provision of the Constitution in arriving at its judgment as distinguished from applying the constitutional clause conferring upon it power to issue writs of prohibition.
The pertinent distinction was well stated in State ex rel. Sentinel Star Co. v. Lambeth, 192 So.2d 518 (Fla.App. 4th) when treating a similar problem, the court said:
“ * * * To convey jurisdiction to the Supreme Court the trial court must undertake to explain, define or otherwise eliminate existing doubts arising from the language or terms of the constitutional provision. It is not sufficient to confer jurisdiction on the Supreme Court that there was inherent in the judgment appealed the construction of a controlling provision of the constitution.”
A similar distinction between “construing” a controlling provision of the Constitution and “applying” such provision was made by the Florida Supreme Court in Armstrong v. City of Tampa, 106 So.2d 407 (Fla., 1958). There the court stated the proposition in the following manner :
“ * * * In the cited cases we undertook to point out that the mere fact that a constitutional provision is indirectly involved in the ultimate judgment of the trial court does not in and of itself convey jurisdiction by direct appeal to this court. We agree with those courts which hold that in order to sustain the jurisdiction of this court there must be an actual construction of the constitutional provision. That is to say, by way of illustration, that the trial judge must undertake to explain, define or otherwise eliminate existing doubts arising from the language or terms of the constitutional provision. It is not sufficient merely that the trial judge examine into the facts of a particular case and then apply a recognized clear-cut provision of the Constitution. * * * ”
The petition for rehearing and the relief therein requested is denied.
WIGGINTON, C. J., and JOHNSON, J., concur.