PER CURIAM.
The appellant was indicted for first degree murder. Upon a plea of not guilty, he was tried before a jury and found guilty with a recommendation of mercy; judgment and sentence accordingly. This appeal follows. The principal point urged for reversal is the failure of the trial judge to properly charge the jury as to justifiable or excusable homicide, in accordance with the provision of Ch. 782, Fla.Stat., F.S.A.
From the record, it is apparent that the whole tenor of the appellant’s defense to the crime as charged [he having conceded the act] was that same was either justifiable or excusable under the facts and circumstances. In accordance with § 918.-10(2), Fla.Stat., F.S.A., the trial judge prepared written charges and submitted copies of same to each counsel, and certain changes were made therein. Said charge as to justifiable or excusable homicide read as follows:
“The statutory definition of manslaughter makes it necessary to give you the definitions of justifiable and excusable homicides and of murder in its several degrees, because, as pointed out, manslaughter is the killing of a human being by the act, procurement or culpable negligence of another, in cases where such killings shall not be justifiable or excusable homicide or murder.”
At the charge conference, counsel for the appellant did not object. But, prior to the jury retiring to consider its verdict, he did object [out of the presence of the jury] and gave to the trial judge the opportunity to correct the erroneous charge as quoted above, which would lead the jury to believe that justifiable or excusable homicide related only to manslaughter. This was sufficient to preserve the propriety of the instruction for review by this court. § 918.-10(4), Fla.Stat., F.S.A.[1]
*253 In a criminal cause, wherein the defendant is charged with first degree murder, it is incumbent upon the trial judge to charge the jury correctly as to the law applicable to the case [Motley v. State, 155 Fla. 545, 20 So.2d 798; Polk v. State, Fla.App.1965, 179 So.2d 236; Robles v. State, Fla.1966, 188 So.2d 789], and if he makes an erroneous charge a defendant is entitled, if convicted, to a new trial. Rule 1.600(b) (7), Florida Rules of Criminal Procedure, 33 F.S.A.[2]
Therefore, the judgment, conviction, and sentence, is hereby set aside with directions to the trial court to grant the appellant a new trial.
Reversed and remanded, with directions.

. “918.10 Charge to jury; request for instruction.—
“(4) No party may assign as error or grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds *253 of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.”

. “Buie 1.600 Grounds for New Trial
“(b) The court shall grant a new trial if any of the following grounds is established, providing substantial rights of the defendant were prejudiced thereby:
* * * * *
“ (7) That the court erroneously instructed the jury on a matter of law or refused to give a proper instruction requested by the defendant;”
* * * * *