288 So.2d 234 (1973)
Eugenio Herberto ROJAS, Appellant,
v.
STATE of Florida, Appellee.
No. 44143.
Supreme Court of Florida.
December 5, 1973.
Rehearing Denied February 6, 1974.
*235 Joel Hirschhorn, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Peter F. La Porte, Asst. Atty. Gen., for appellee.
DEKLE, Justice.
This appeal comes to us pursuant to an order of the District Court of Appeal, Third District, transferring the cause to this Court. For the reasons set forth below, we accept the transfer only as to the trial court's upholding of the validity of Chapter 57-550 and remand the cause to that court as to the remaining issues.
The basis of the transfer, as revealed by the motion therefore, was asserted to be the trial court's ruling on the constitutionality of various state statutes. Of the five points raised on appeal, three (admissibility of certain photographs, competency of appellant to stand trial, and continuing viability of the M'Naghten rule as to insanity) are, if considered alone, insufficient grounds upon which properly to invoke our jurisdiction as to direct appeals under Article V, § 3(b)(1), F.S.A., of the State's Constitution. Thus, jurisdiction in this Court, if present, must rest either on the trial court's ruling on appellant's challenge to the petit jury selection system or on the ruling on his challenge to the Dade County Grand Jury. We deal with these issues in turn.

PETIT JURY ATTACK
By motion, appellant asserted that the petit jury panel was selected in an unconstitutionally *236 discriminatory manner, in that various groups (specified in the motion) had been systematically excluded from the panel in violation of the Fourteenth Amendment, U.S. Constitution; appellant requested, and was granted an evidentiary hearing on these allegations. Following this hearing, the challenge to the jury panel was rejected by the trial court. Neither the motion nor the court's ruling thereon dealt with the constitutional validity of any statute, federal or state. The denial of the petit jury challenge is a basis for direct appeal to this Court only if a provision of the state or federal constitution was directly construed by the trial court.[1]
Although our direct appeals jurisdiction includes cases in which the trial court inherently passes upon the constitutionality of a statute, we may not accept a direct appeal based upon an inherent construction of a constitutional provision; it is insufficient to invoke our direct appeals jurisdiction that there was an inherent construction of a constitutional provision in the judgment appealed from, but rather there must be a ruling by the trial court which explains, defines or overtly expresses a view which eliminates some existing doubt as to a constitutional provision in order to support a direct appeal.[2] In the present case, there is no such definition or explanation of the Fourteenth Amendment or any other constitutional provision as far as the petit jury challenge is concerned. The trial court, if anything, merely applied the provisions of the Fourteenth Amendment to the facts it determined existed in the instant case; in fact, the apparent basis of the ruling was that no showing of unconstitutional discrimination was made. Applying is not synonymous with construing; the former is NOT a basis for our jurisdiction, while the express construction of a constitutional provision is. Hence, no basis for direct appeal to this Court has been presented in the petit jury challenge.

GRAND JURY ATTACK
There remain, as possible bases for jurisdiction in this Court, the two "prongs" of the grand jury challenge. By various motions, appellant first sought production of the grand jury master list and dismissal of the information and underlying indictment on the basis of discrimination in selection of the grand jury pool; an evidentiary hearing was also sought by appellant to determine the validity of the grand jury pool, appellant alleging that the method of its selection discriminated against various specified groups in violation of the Fourteenth Amendment, depriving him of an impartial grand jury of his peers fairly representative of a cross-section of the community.
The second "prong" of attack was raised in the motion to dismiss, in which appellant asserted that Section 5 of Chapter 57-550, Laws of Florida, 1957, denied him due process and equal protection of law by reason of the section's alleged vagueness, improper delegation of powers and violation of the principle of separation of powers in making circuit judges selectors of jurors.
None of the motions involved in either portion of the grand jury challenge was supported by affidavits, and, other than the conclusory statements contained in the motion itself, there was no showing of any facts sufficient to raise any suspicion that the grand jury pool was improperly constituted. The motions for production of the grand jury master list and for an evidentiary hearing were denied by the trial court, as were the motions seeking dismissal of the information and the underlying indictment.
We find that jurisdiction here has not been properly invoked by these rulings of the trial court, inasmuch as the motion, upon these grounds, was simply held not to *237 be well founded. As stated in 47 Am.Jur.2d, Jury, § 182, one objecting to the composition of a jury panel must allege such discrimination as is here asserted by asserting facts to show the existence of the discrimination. Additional support may be found in United States v. Hoffa, 349 F.2d 20 (C.A.6, 1965), and in Windom v. United States, 260 F.2d 384 (C.A.10, 1958), both of which stand for the proposition that before a court will be required to permit a full-scale investigation of its jury panel, the panel must be shown to be suspect. This does not, of course, require that the challenge show that the panel is improperly constituted; but what it does require is that the challenger assert facts that tend to raise a doubt as to whether the panel may be improperly constituted. Then follows the inquiry to see if such suspicion, duly alleged, is supported by proof.
To require a full-scale investigation of the grand jury panel solely upon a mere assertion, not supported by so much as an affidavit based upon information and belief, that the panel was improperly drawn, would be to open every grand jury panel, no matter how perfectly impartial and representative, to a full-scale investigation  or perhaps more accurately, to a fishing expedition of broad range. Such a course would consume enormous amounts of time and energy of our already overburdened trial courts, with concomitant delays in their calendars, and would be especially injurious to the prompt disposition of justice. In this regard, we note that CrPR 3.191, 33 F.S.A. requires speedy trials within 180 days (in the case of a felony charge) or 90 days (for misdemeanor charges) without the necessity for any demand, and within 60 days where such a demand is made (as it was in this case). Failure to meet the speedy trial deadline results in a complete discharge. CrPR 3.191, 33 F.S.A. To require our trial courts to expend endless hours exploring attacks on the grand jury panel which are without factual basis of any kind might well result in needlessly freeing felons without trial; this we will not permit. Before the court will be required to permit a full-scale investigation of its jury panel, there must be a sufficient factual showing to raise a reasonable suspicion that the panel was improperly drawn. There was none here.
Appellant asserts that the hearing he requested would have produced the evidence that the grand jury panel was improperly drawn, thus meeting the need for evidence that his rights were violated, and directs our attention to State v. Covington, 258 N.C. 495, 128 S.E.2d 822 (1963), in which it was held that the trial court had erred in not allowing an evidentiary hearing and the subpoenaing of records in an attempt to show discrimination in the selection of the grand jury. But in that case, unlike the case at bar, there was an affidavit of counsel, asserting certain facts based on information and belief, supporting the motion. Even this minimal factual support for the motion was lacking in the case before us today. In the instant case, we have neither a showing that the panel was suspect nor an affidavit showing any factual basis upon which such a suspicion could properly rest; we have only the bare conclusory allegations of the motion itself. This is insufficient.
Viewing the motions as postured above, it is clear that, in denying the motions for production of the grand jury master list and the request for an evidentiary hearing, the trial court did not pass upon the constitutionality of any statute, nor did it explain or define any constitutional provision; the trial court merely (and correctly) ruled upon an insufficient motion. Hence, the denial of these motions does not properly give rise to a direct appeal to this Court under the provisions of Article V, § 3(b)(1).
As we said in State v. Demetree, 213 So.2d 709 (Fla. 1968), it is the composition of the grand jury pool, not the particular grand jury itself, which determines whether equal protection has been denied. So far as can be determined from the record, it appears that the trial court denied the motions to dismiss the indictment *238 and information on the basis that there had been no factual showing to support the allegations of constitutionally improper procedures having been used in selecting the grand jury pool. In so doing, the trial court did not explain, define or otherwise by express language remove existing doubts as to the proper construction of a constitutional provision. This does not support a direct appeal to this Court.[3] Moreover, it appears that appellant has waived his challenge to the grand jury by failing to raise these points timely. Silva v. State, 286 So.2d 532 (Fla. 1973).

STATUTORY VALIDITY
The other point raised by the motion to dismiss was the constitutional validity vel non of Section 5, Chapter 57-550, Laws of Florida, 1957, which sets forth the method by which the Dade County Grand Jury pool was selected. By denying the motion to dismiss on this ground, the trial court inherently held this statute to be constitutional under appellant's attack. We therefore have jurisdiction under Article V, § 3(b)(1), of our constitution to accept and hear a direct appeal upon this statutory point. This is founded upon the inherency doctrine as to a statute's invalidity; as distinguished from our constant rejection under the plain constitutional language of purported jurisdiction based upon "construing" the constitution. As we have so emphatically reiterated, one does not "construe" silently or "inherently" but only by express overt language and statements, which can offer some "construction" for our review.[4]
We find, however, that the resolution of this issue is controlled by our decisions in the companion cases of Seay v. State and Silva v. State, reported together at 286 So.2d 532 (Fla. 1973). The district court of course did not have the benefit of these later decisions when it transferred the immediate cause here. We affirm the ruling of the trial court upholding the validity of Chapter 57-550 on the basis of those decisions.
Having thus determined the only issue properly forming an independent basis for direct appeal,[5] and in the interests of judicial efficiency, we remand all remaining issues to the District Court of Appeal for the Third District.
It is so ordered.
CARLTON, C.J., and ROBERTS and ADKINS, JJ., concur.
ERVIN, BOYD and McCAIN, JJ., dissent.
NOTES
[1] Ogle v. Pepin, 273 So.2d 391 (Fla. 1973); Armstrong v. City of Tampa, 106 So.2d 407 (Fla. 1958); State ex rel. Sentinel Star Co. v. Lambeth, 192 So.2d 518 (Fla.App.4th 1966).
[2] Ibid.
[3] Ogle v. Pepin; Armstrong v. City of Tampa; see footnote 1.
[4] Ibid.
[5] We do not intimate by this decision that we could not, in our discretion, properly resolve all points raised by appellant, having properly acquired jurisdiction under Art. V, § 3(b)(1), it being clear that we may dispose of these points once jurisdiction is acquired. Roberts v. State, 181 So.2d 646 (Fla. 1966). We have not chosen to do so in this instance.