294 So.2d 120 (1974)
STATE of Florida ex rel. Clyde F. BREWER, Relator,
v.
B. Paul PETTIE, Judge, County Court, Broward County, Florida, Respondent.
No. 74-175.
District Court of Appeal of Florida, Fourth District.
May 3, 1974.
*121 Angus M. Stephens, Jr., Miami, for relator.
Philip S. Shailer, State Atty. and Jon H. Gutmacher, Asst. State Atty., Fort Lauderdale, for respondent.
PER CURIAM.
The relator has filed a suggestion for writ of prohibition to restrain the respondent county judge from proceeding further in a misdemeanor prosecution currently pending in the County Court of Broward County.
Relator was charged in the Municipal Court of the City of Hollywood with an offense against the ordinances of said city. Some three weeks later he filed a written demand for jury trial and transfer to the County Court of Broward County pursuant to F.S. § 932.61, F.S.A. Approximately six weeks later the cause was transferred to the county court and relator was charged with a violation of F.S. § 800.02, F.S.A. 1971. Prior to trial relator moved for discharge under the speedy trial rule. Upon denial of said motion relator sought an original writ of prohibition in this court.
Article V, §§ 4 and 5, F.S.A., grant authority to district courts of appeal and circuit courts to issue writs of prohibition. However, in State ex rel. Sentinal Star Company v. Lambeth, Fla.App. 1966, 192 So.2d 518, this court considered a petition for writ of prohibition to the Criminal Court of Record for Orange County in a case involving a misdemeanor. Judge Sherman Smith writing for the court pointed out:
"The jurisdiction to issue such writs initially follows the route of direct appellate jurisdiction. The jurisdiction of the Supreme Court to issue such writs is specified in minute detail. The jurisdiction of this court to issue such writs might at first blush be construed to be without limitation or restriction, but we do not so conclude. * * * The provisions of the constitution granting this court jurisdiction to issue such writs must be construed to mean that such jurisdiction is limited to those causes in which a direct appeal to this court would be allowed as a matter of right at a later stage of the proceedings below. Any other interpretation would permit a picking and choosing of courts by litigants and the usurpation by one court of the jurisdiction of another, thereby disrupting the carefully laid pattern of appellate jurisdiction set forth in the constitution. We, therefore, hold that jurisdiction of this court to issue writs of mandamus, certiorari, prohibition and quo warranto, insofar as they apply to a court exercising the judicial power of the state, is limited to those causes then pending in which this court has direct appellate jurisdiction". 192 So.2d at 523. (footnote omitted).
We do not think that the 1972 revision of Article V has changed the foregoing holdings.
The case at bar is pending in the County Court of Broward County over which the Circuit Court of the Seventeenth Judicial Circuit has appellate jurisdiction. We see no compelling reason to by-pass the circuit court and invoke the jurisdiction of this court.
*122 Accordingly, the jurisdiction of this court having been improvidently invoked, this cause is transferred to the Circuit Court of the seventeenth Judicial Circuit for further proceedings, pursuant to the authority of Rule 2.1(a)(5)(d), F.A.R., 32 F.S.A.
OWEN, C.J., and MAGER and DOWNEY, JJ., concur.