PER CURIAM.
The appellant-defendant was charged by an indictment with the crime of murder in the first degree. Subsequently he was so charged by information, to which he pleaded not guilty by reason of insanity. He was tried thereon after an evidentiary hearing and ruling by the court that he was competent to stand trial, and after the court had heard and rejected motions of the defendant challenging validity of the grand jury and the county’s petit juror pool. The defendant was found guilty by the verdict of a jury and was so adjudged, and was sentenced to life imprisonment. He filed an appeal to this court.
The brief filed on behalf of the appellant presented five claimed reversible errors in the prosecution of the cause. First the appellant challenged a ruling of the trial court rejecting his motion for dismissal of the information and its underlying indictment on the basis of discrimination in selection of the grand jury pool, in connection with which the trial court passed upon and upheld the validity of Ch. 57-550, Laws of Florida, 1957. Second, appellant contested the ruling of the court denying a motion by which it was contended the county’s method of establishing a pool of jurors for petit jury duty was invalid in that it denied him due process of law in violation of the Fourteenth Amendment of the Constitution of the United States. Third, that the court erred in admitting into evidence, over defendant’s objection, certain photographs of the victim taken after her death. [The victim died when her throat was cut.] Fourth, appellant contended that the ruling holding him competent to stand trial was contrary to the evidence. Fifth, appellant challenged the legal correctness of application of the M’Naghten Rule of Sanity in the case.
This court transferred the appeal to the Supreme Court of Florida, as provided for in Rule 2.1(a)(5)(d) FAR, 32 F.S.A. because the first and second contentions of the appellant appeared to be such as to authorize appeal to the Supreme Court, under Art. 5, § 3(b) (1) Fla.Const., 26 F.S.A.
The Supreme Court entertained jurisdiction of the appeal, as to the appellant’s first contention relating to the grand jury selection, and affirmed the ruling of the trial court thereon. The Supreme Court re-transferred the appeal to this court for determination of the other questions-involved on the appeal. See Rojas v. State, Fla. *629 1974, 288 So.2d 234. In that opinion, with regard to the question raised by the appellant as to the petit juror panel the Supreme Court, inter alia, said:
“By motion, appellant asserted that the petit jury panel was selected in an unconstitutionally discriminator};- manner, in that various groups (specified in the motion) had been systematically excluded from the panel in violation of the Fourteenth Amendment, U.S. Constitution; appellant requested, and was granted an evidentiary hearing on these allegations. Following this hearing, the challenge to the jury panel was rejected by the trial court. Neither the motion nor the court’s ruling thereon dealt with the constitutional validity of any statute, federal or state. * * *”
The Supreme Court then stated the ruling in question did not involve a construction of a constitutional provision, and said: “The trial court, if anything, merely applied the provisions of the Fourteenth Amendment to the facts it determined existed in the instant case; in fact the apparent basis of the ruling was that no showing of unconstitutional discrimination was made.”
Following the transfer of the appeal to this court we have heard argument and considered the briefs of the parties on the matters thus referred here for consideration and decision, and we hold that no reversible error has been shown.
The trial court, after hearing, properly rejected the defendant’s challenge to the validity of the county’s petit jury pool selection system. Inclusion of the group of senior citizens (65 years of age and over) where previously they had been exempted, was not improper, any more than would be the inclusion of former minors, from age 18 through 20, when made competent therefor by law. On inspection of the photographs in question, we are not persuaded that their introduction constituted error. See Leach v. State, Fla.1961, 132 So.2d 329; Williams v. State, Fla.1969, 228 So.2d 377. The ruling of the trial court as to the capacity of the defendant to stand trial was supported by competent substantial evidence. See Pressley v. State, Fla.App.1972, 261 So.2d 522. The fact that it was necessary that certain of the evidence relating thereto be submitted through an interpreter did not furnish basis for reversal. The court properly refused defendant’s request to charge the jury on the “Durham Rule” of sanity. See Anderson v. State, Fla.1973, 276 So.2d 17.
The judgment is affirmed.