300 So.2d 695 (1974)
John DYKMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-18.
District Court of Appeal of Florida, Third District.
September 10, 1974.
Rehearing Denied October 14, 1974.
*696 Joel Hirschhorn, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Lance R. Stelzer, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
The appellant was found guilty of second degree murder after a jury trial upon an indictment charging first degree murder of his wife. His appeal, lodged in this court, was transferred to the Supreme Court of Florida because in our view that court was vested with original jurisdiction inasmuch as the trial court initially passed upon the constitutional validity of a state statute. The Supreme Court accepted the transfer only as to the trial court's upholding of the validity of Chapters 57-550 and 70-1000 relating to grand jury selection and remanded the cause to this court as to all remaining issues.
The appellant has raised seven points on appeal. The decision of the Supreme Court disposed of point four. See Dykman v. State, Fla. 1973, 294 So.2d 633. Appellant's first point urges that the trial court erred in declaring the appellant competent to stand trial and to assist counsel in his defense. Four medical witnesses testified upon this issue in the proceedings prior to trial. Based on the testimony of these witnesses, the appellant argues only that the court abused its discretion in finding that the appellant was capable of assisting *697 in his defense. Thus, there is no issue presented as to the actual competency of the appellant who, as a seventy-eight year old man, was in full possession of his faculties. Medical expert testimony showed that any claimed lapses of memory could be the product of either (1) appellant's age, or (2) the fact that it was convenient for the appellant to fail to remember certain events. Faced with this situation and faced with conflicting testimony, the trial judge did not abuse his discretion in holding that appellant was competent to stand trial. See Brown v. State, Fla. 1971, 245 So.2d 68; Brock v. State, Fla. 1954, 69 So.2d 344; and Pressley v. State, Fla.App. 1972, 261 So.2d 522.
Although not raised in his brief, the appellant has argued that the cause must be remanded to the trial court for the entry of a written order adjudicating the appellant competent to stand trial. He relies upon Emerson v. State, Fla.App. 1974, 294 So.2d 721. We need not determine the applicability of the holding in that case to the situation now before us because the record reflects a written order finding the appellant sane and a written order declaring the appellant competent to stand trial and to assist counsel in the preparation of his defense.
Appellant's second point urges reversal on the ground that the trial court allowed the jury to deliberate and arrive at the decision upon improper, ineffective jury instructions. A brief history of the circumstances giving rise to this point should be set out. At the conclusion of the trial, the court instructed the jury as to the elements of first degree murder and lesser included offenses and an instruction relating to excusable and justifiable homicide was included at defendant's request. No error is urged upon the giving of these instructions. After deliberating for a period of time, the jury requested permission to return to the courtroom in order again to be instructed on first and second degree murder. In response, the court repeated its instructions on murder in the first, second and third degrees, as well as on manslaughter. The appellant objected and urged that the complete instructions to the jury be read under the rule stated in Hedges v. State, Fla. 1965, 172 So.2d 824, and applied in Stills v. State, Fla.App. 1973, 272 So.2d 174 and Tamayo v. State, Fla. App. 1970, 237 So.2d 251. After the jury had been in the jury room for approximately five minutes, it was recalled by the trial court for the purpose of repeating the remainder of the instructions. It was established by testimony of the bailiff that the jury had in fact announced that it had reached a verdict prior to the time it was recalled by the court. Nevertheless, the jury returned upon the call of the court whereupon the omitted instructions were given and then it returned to the jury room where it very quickly announced again that it had reached a verdict. The verdict of guilty of second degree murder was handed up and recorded.
The appellant now argues in essence that he was prejudiced in that the jury was permitted to deliberate without benefit of repeated instructions on excusable and justifiable homicide and the summary instructions prescribed by the standard jury instructions to be given at the end of instructions of degrees of homicide.
It is apparent that under the holdings in Hedges, Stills and Tamayo, supra, the failure of the judge to give the entire instructions immediately was error. It is equally apparent, however, that it was not prejudicial error. It is our view that the court's error in failing to give the complete instructions upon the request of the jury for instructions on first and second degree murder was cured by the court's subsequent giving of the instructions requested by the defendant. See Grant v. State, 33 Fla. 291, 14 So. 757 (1894), where it was held that the verdict of the jury in a case of felony is not complete or conclusive until accepted by the court and recorded. In addition, this court acts upon the record as it stands and not upon our supposition of what the mental processes of the jury may *698 have been. See Van Eaton v. State, Fla. 1967, 205 So.2d 298. Here, we are presented with a record which shows a complete instruction prior to the jury verdict. The possibility that the jury might have entered some verdict other than guilty of second degree murder if they had had the complete instructions is not supported by any rational argument in this case.
The second reason that we hold the error of failing to give the full instructions upon the first return of the jury is not prejudicial is that under the facts of this case there was never a defense tendered other than "not guilty." There is no contention of self-defense or justifiable homicide. We hold that the reading of the omitted portions of the instructions could not have influenced the jury in its decision to hold the appellant guilty of second degree murder. Therefore, in this cause where the proof of guilt is clear, we hold that reversible error is not presented under appellant's second point.
Appellant's third point urges error because the trial court summarily denied his motion for an evidentiary hearing on his attack of the grand jury system. In setting forth the basis in the pleadings for appellant's attack, the Supreme Court said:
* * * * * *
"Appellant has asserted by various motions that the grand jury which returned the indictment against him was improperly constituted in that it discriminatorily excluded certain `identifiable groups' (specified in the motion) from the grand jury master list, and sought to prove his charge of discriminatory selection of the grand jury pool by deposing the grand jury commissioners and clerk of the grand jury commission and by examining the Dade County Grand Jury Master List. The motion for production of the grand jury master list was denied, as was the motion for permission to depose the chairman and clerk of the grand jury commission."
* * * * * *
"Before a court will be required to permit a full-scale investigation of its jury panel, the panel must be shown to be suspect, and no such showing was made in the instant case. This requirement of showing a factual basis for the challenge in order to require a full-scale investigation of the panel does not, of course, require that the challenger show the panel to be improperly constituted, but it does require that the challenger assert facts tending to raise a doubt as to whether the panel may be improperly constituted; if such factual assertions are made, in inquiry will then follow to see if such suspicion, duly alleged, is supported by proof. In the present case, no such factual basis was asserted for the challenge, and the trial court merely ruled upon a motion which it found not to be well founded."
* * * * * *
We think that this statement effectively disposes of appellant's contention under point four. See also Seay v. State, Fla. 1973, 286 So.2d 532.
Appellant's fifth point does not present reversible error under the law as set forth in Rojas v. State, Fla. 1973, 288 So.2d 234. See also Rojas v. State, Fla.App. 1974, 296 So.2d 627.
The sixth point claims error upon the trial court's denial of appellant's motion to suppress evidence seized during a search of defendant's home. The court found that appellant voluntarily consented to the search. The Supreme Court has set forth the factual background for this question as follows:
"Appellant, a 78-year-old man, reported to the police that his wife was missing. Police officials later found the dismembered portions of a woman's body, wrapped in plastic bags, along the banks of a canal in the city; this body was identified as the body of appellant's wife (although appellant has made some effort to attack this identification). After *699 the identification had been made, two police officers went to appellant's house and informed him that they would like to search the house in connection with the investigation of the disappearance of his wife. Appellant agreed to this proposition, and signed a consent form. Appellant now asserts that this apparent consent was invalid, in that (1) the police officers deceived him by not notifying him that a body identified as that of his wife had been discovered, (2) the situation of two policemen confronting a man of his age was fraught with coercion, (3) the police officers failed to warn appellant of his right not to consent to the search or any of his other `Miranda' rights, and (4) that he was not competent to give a valid consent. The trial court denied the motions to suppress."
A review of this record convinces us that we cannot fault the trial court upon his finding that the defendant voluntarily consented to the search. See James v. State, Fla.App. 1969, 223 So.2d 52; cf. Powell v. State, 131 Fla. 254, 175 So. 213 (1937). We decline to adopt the rule proposed by the appellant that a defendant must be separately advised of his right to refuse consent to a search before his consent is given. See United States v. Goosbey, 419 F.2d 818, (6th Cir.1970).
The seventh point urges error because the court refused to allow appellant to introduce hearsay evidence which he considered favorable to his defense. He relies upon Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297, (1973) and Cox v. State, Fla.App. 1969, 219 So.2d 762.
The holding in Chambers does not justify the admission of hearsay in every case where the defendant wishes to waive the rule. In the instant case the hearsay evidence sought to be admitted was the statement of a third person, who was not present at the trial, allegedly made to the police officer during his investigation of the crime. If we proceed upon the principle that the basis for the exclusion of hearsay in a trial is the absence of the oath of the person making the statement and the absence of the opposing party's right to cross-examine as to the truth of the statement, then these absences are not matters which the defendant seeking to introduce the statement may waive. The holding in Chambers v. Mississippi appears to be; "In these circumstances, where constitutional rights directly effecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." We accept this rule as a salutory development in criminal law. In the application of such a rule, it must be pointed out that the Supreme Court in setting forth "these circumstances" said, "The hearsay statements involved in this case were originally made and subsequently offered at trial under circumstances that provided considerable assurance of their reliability." The statements referred to were confessions and were found to have been made spontaneously. Also, they were found to be corroborated by other evidence and by the sheer number of independent confessions. And finally, they were found to fall within the bounds of "penal-interest rationale." The court further found:
"Finally, if there was any question about the truthfulness of the extrajudicial statements, McDonald was present in the courtroom and had been under oath. He could have been cross-examined by the State, and his demeanor and responses weighed by the jury."
We find no such circumstances to justify the hearsay evidence offered in this case.
In Cox v. State, supra, although the statement was classified as hearsay by the court, it was pointed out that "[t]he witness was under oath and was present in the court room so that he might be cross-examined concerning the description which he gave to the police." No such situation exists in the present instance.
*700 Having examined each of appellant's points and finding no reversible error in the record, the judgment and sentence are affirmed.
Affirmed.