298 So.2d 559 (1974)
Charles E. TURNER, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1089.
District Court of Appeal of Florida, Third District.
August 13, 1974.
*560 Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J. and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of a jury conviction of second degree murder.
The defendant testified at trial that he shot the victim, Michael Robinson, in self defense. The two were involved in a quarrel, and Robinson, according to the defendant, was reaching into his pocket to grab something, apparently a weapon. The defendant stated that at that point he pulled out a pistol and shot Robinson once.
The defendant said he had had prior difficulties with the victim, over a girl. Robinson previously had threatened him and slapped him, and so the defendant began to carry a gun.
The state offered one eyewitness, other than the defendant, to the fatal shooting. Roosevelt Roberts stated that he was a coworker of the victim's and was accompanying him on a lunch break. Roberts was seated in a car waiting for Robinson. He testified that Robinson had gone to an apartment in quest of some tape recordings for an automobile stereo system, and the car was parked in front of the building.
After approximately twenty minutes, Roberts observed the victim and defendant emerge from the apartment building, arguing. Roberts stated that he saw the defendant pull a pistol and hold it behind his back for perhaps five seconds before shooting the victim in the chest. Roberts testified that the victim then turned and ran, and the defendant fired perhaps two more shots at the victim's back. Then the defendant fled the scene, and Roberts called the police.
The state charged the appellant with first degree murder, and the jury returned a verdict of second degree murder. Appellant now argues that the verdict was a compromise verdict, that the evidence did not demonstrate that the killing evinced a depraved mind, a necessary element of the crime of second degree murder, and that the evidence was insufficient to support the verdict in light of the appellant's testimony that the killing was in self-defense. We disagree.
It was the function of the jury to evaluate the appellant's testimony and to decide whether or not to accept his evidence of self defense. Darty v. State, Fla.App. 1964, 161 So.2d 864, 872. Depravity of mind necessary to convict an individual of second degree murder requires a showing of malice as it is commonly understood, that is a showing of ill will, hatred, spite or evil intent. Raneri v. State, Fla.App. 1971, 255 So.2d 291; Weaver v. State, Fla.App. 1969, 220 So.2d 53, 60. We have concluded that the verdict in this case is supported by substantial competent evidence.
Therefore, for the reasons stated, the judgment and sentence appealed are affirmed.
Affirmed.