338 So.2d 553 (1976)
Robert Allen BRISTOW, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1736.
District Court of Appeal of Florida, Third District.
October 19, 1976.
*554 Phillip A. Hubbart, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Brian H. Leslie, Asst. Atty. Gen., and Roy Kahn, Legal Intern, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellant was charged with second degree murder, was arraigned and pled not guilty. A jury trial was held following which a guilty verdict was rendered and judgment entered thereon, with the appellant being sentenced to life imprisonment. This appeal followed.
The appellant and the deceased victim knew each other prior to the evening of February 23, 1975,[1] when the appellant, in his own apartment, had a heated argument with the victim resulting in the victim's death from blows to the head with a brick. The evidence showed that the deceased had a violent personality and was in the habit of carrying a knife with him, which he had used or threatened to use both on relatives and friends, including the appellant. The appellant argued, as the main thrust of his defense, that he was put into fear by the victim, who had come to see him concerning a reinstatement of their relationship. Appellant's fear was based mainly upon the victim's tapping his pocket, allegedly creating in the appellant's mind the belief that the deceased had a knife in his pocket. In an effort to protect himself, the appellant contends that he left the room and secured a brick, thereupon returning to the room and, following further argument with the victim, struck the latter with the brick, resulting in the victim's death from injuries to the head caused by the blunt impact of the brick.
Upon completion of the evidence and testimony, the trial judge instructed the jury on second degree murder and lesser included offenses, as well as self-defense. After it had retired for deliberation, the jury returned and requested reinstruction upon the law of assault with intent to commit murder, attempted murder and second degree murder. The court announced its decision to reinstruct upon second degree murder, third degree murder, manslaughter, excusable and justifiable homicide, assault with intent to commit murder and attempted murder. Defense counsel requested that the full self-defense instruction be reread to the jury upon reinstruction. The court denied this request and instead stated that he would give the abbreviated instruction upon self-defense contained in justifiable homicide. Over defense counsel's objection, the trial court reinstructed the jury as he had announced. Following the reinstruction, defense counsel renewed his objection, which was overruled, the trial judge noting that he had reminded the jury of the original complete self-defense instruction by reference to it but without rereading it.
*555 The appellant has presented three points, two of which we shall address. The first point concerns the alleged error of the trial court in denying defendant's motions for judgment of acquittal where it is alleged that the evidence was insufficient to support a conviction for second degree murder inasmuch as the evidence raises a reasonable issue as to whether the defendant had acted in self-defense and the State did not prove the absence of action in self-defense beyond a reasonable doubt. It is appellant's contention that he does not have to prove that he acted in self-defense, nor does he even have to satisfy the jury that self-defense was necessary. All that is needed is that evidence be presented that raises a reasonable doubt. See Lane v. State, 44 Fla. 105, 32 So. 896 (1902). Appellant asserts that the record reflects no facts that would make his defense impossible to believe. Furthermore, he argues that there were no facts presented by the State serving to impeach, discredit, or controvert his testimony as to the circumstances that led up to the victim's death. Finally, he asserts that his version of the incident, as related through his confession and trial testimony, must be taken as true, with the trial court, therefore, being in error in denying his motions for acquittal.
Inasmuch as there was evidence presented that the victim was killed while in a sitting position and evidence to the effect that no knife was found on the victim's person, in the room where the killing took place, or anywhere else for that matter, we believe that the trial judge was not in error in denying the motions for judgment of acquittal. We believe that the questions herein concerning the credibility of a witness and whether to accept the defendant's defense of self-defense were properly presented by the trial court to the jury for its determination. Evaluation of testimony concerning self-defense is the function of the trier of fact. See Turner v. State, 298 So.2d 559 (Fla.3d DCA 1974). See also Payton v. State, 200 So.2d 255 (Fla.3d DCA 1967), where the court held that ordinarily the question of self-defense is one of fact to be determined by the trier of fact.[2]
The second point that we shall address ourselves to is that concerning the alleged error of the trial court in denying defense counsel's request for a full reinstruction of the jury as to self-defense. As has already been mentioned, the trial judge gave full instructions on self-defense, but upon the return of the jury requesting reinstruction on certain offenses, the trial judge, over the defense counsel's objection, gave a more abbreviated instruction on self-defense, and simply reminded the jury of his prior full instruction on that subject. As support for his position, appellant relies upon the Florida Supreme Court case of Hedges v. State, 172 So.2d 824 (Fla. 1965), in which the defendant was indicted for first degree murder of her paramour. The trial judge in that case initially instructed the jury on all degrees of homicide, including justifiable and excusable homicide. The jury, thereafter, requested reinstruction on the degrees of homicide. In repeating these charges, the trial judge denied defense counsel's request to reinstruct on justifiable and excusable homicide. In reversing the lower court, the Florida Supreme Court held that the repeated charges should be complete on the subject involved and that the giving of the partial instruction failed to inform the jury fully and could lead to undue emphasis to the part given to the detriment of the part omitted. See also Stills v. State, 272 So.2d 174 (Fla.1st DCA 1973).
One of the dangers inherent in a partial instruction is the possibility of misleading the jury. It is the appellant's argument that a partial instruction on self-defense is *556 potentially even more misleading than no instruction at all. We note that the Hedges case stated that although it is proper for a judge to limit the repetition of charges to those requested, the repeated charges should, nonetheless, be complete on the subject involved. It would logically follow, as Hedges so held, that where a judge repeated his charges on the degrees of homicide, he should also include the definitions of justifiable and excusable homicide. To do otherwise would give rise to a strong possibility of misleading the jury. It is the State's argument in the instant case that a separate charge on self-defense was not essential to a complete and full instruction on the degrees of homicide where the court repeated the instruction upon excusable and justifiable homicide. Under the circumstances of this case, we find ourselves in agreement with the State.
Specifically, we find two aspects of this case that distinguish it from the Hedges case. The first distinction is the difference in the judges' responses to the requests made in the present case and in the Hedges case. Here, the request was fully complied with by the judge, whereas in Hedges, the request was not fully complied with inasmuch as the justifiable and excusable homicide charges were omitted. The relationship of the self-defense charge to the requested charges made in the present case is far different from the relationship of the omitted charges to the requested charges in the Hedges case. Secondly, we note that under a full review of the circumstances of the present case, the jury appears to have been unclear on the lesser included offenses within second degree murder, but not unclear on the issue of self-defense. It seems readily apparent that the jury was already convinced of the defendant's guilt of some homicide offense and was simply unsure of which offense and of the law relative thereto.
In short, we find that the trial judge fully responded to the jury's request and, in addition, instructed upon justifiable and excusable homicide. Then he reminded the jury of the original, full self-defense charges. Such action was reasonable, was not misleading and was in full compliance with the holdings of Hedges and Stills.
Affirmed.
NOTES
[1] The relationship between the appellant and the victim was of a homosexual nature, and the arguments that resulted in the appellant's killing the victim concerned sexual advances by the latter to the former.
[2] We also note, parenthetically, that in addition to being put in fear, a defendant asserting the defense of self-defense must show that his life was in immediate danger and, therefore, that the killing was necessary. This, in turn, must be based on a showing that he did all he reasonably could to avoid such killing. See State v. Coles, 91 So.2d 200 (Fla. 1956). The fact that the defendant, upon being put in fear, left the room, secured a brick and then returned, is hardly compatible with his defense based on self-defense.