PER CURIAM.
Appellant, Jacob Daniel Sanders, appeals his conviction of manslaughter. By infor *900 mation he was charged in one count with possession of a controlled substance (cannabis) in an amount greater than five grams, and in a second count was charged with second degree murder in the killing of Johnnie Mae Sanders (his wife) by shooting her with a gun. The charge of possession of the controlled substance was nolle prossed. The appellant-defendant was tried before a jury on the second degree murder charge and was found guilty of the lesser degree crime of manslaughter. On consideration of the record, briefs and argument we hold no reversible error has been shown.
Following arrest, the defendant made three statements to police officers, which he moved to suppress. The first statement was suppressed. The motion was denied as to the second and third statements, and they were revealed in testimony presented by the State at the trial. We hold to be without merit the contention of the appellant that the court committed error in denying the motion to suppress. While the evidence on the motion to suppress was conflicting there was substantial competent evidence to support the holding that the said statements of the defendant to the police officers were freely and voluntarily made. McDole v. State, 283 So.2d 553 (Fla.1973); Graham v. State, 295 So.2d 694 (Fla. 3d DCA 1974); Von Horn v. State, 334 So.2d 43 (Fla. 3d DCA 1976).
The defendant testified, as the sole witness for the defense. The issue presented on behalf of the defendant was self-defense. The rejection thereof by the jury is supported by the evidence.
In brief it was brought out in the evidence that when the defendant returned to his home in the early hours of a morning he was berated by his wife, who threatened to kill him, and ordered him to leave. She telephoned the police and spoke to an officer. The defendant also talked to the police, and then ripped out the wire to which the telephone was attached. During this time his wife had been in possession of a hand gun. After the telephone incident, the defendant reached under a mattress and obtained his gun, a 357 caliber magnum pistol, with which he subsequently shot and killed his wife.
Defendant’s statements to the police officers were conflicting. At first he stated he had shot his wife from several feet away while she had a gun pointed at him. The medical examiner determined the victim was killed by a contact shot made to the left side of her head, and that the trajectory path had been upward. When so informed, the defendant then stated to the police that just prior to the shooting his wife had been running down the hall in his direction holding a gun in her hand; that he grabbed the hand in which she held the gun (which would be with his left hand since he was holding his gun in his right hand) and pushed her hand away; that he then raised his gun and shot her.[1]
Despite the presence of conflicting evidence, the presence of the evidence just referred to was such that the jury properly could reject the defendant’s claim of self-defense. If as stated by the defendant his wife ran down the hall toward him threatening him with a gun, he placed himself out of imminent danger when he was able to grab her hand which held the gun and push it away. On that evidence the jury was entitled to conclude the doctrine of self-defense did not justify the defendant in raising his own gun, placing it against the woman’s head and firing it. State v. Coles, 91 So.2d 200 (Fla.1956); Turner v. State, 298 So.2d 559 (Fla. 3d DCA 1974); Bristow v. State, 338 So.2d 553 (Fla. 3d DCA 1976).
We hold therefor, that the appellant’s contention that the evidence was insufficient to support the conviction without merit.
Affirmed.