THOMAS W. HYSLER, JR., *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed February 5, 1923.

1. Errors assigned but not argued in the briefs will be treated as abandoned.

2. Where there is in the record competent evidence sufficient to sustain the verdict, although it may be contradicted by other evidence apparently equally credible, the appellate court is not authorized to disturb the jury's findings.

3. An assignment based upon an alleged remark 'or statement made by the trial judge during the progress of a trial cannot be considered by an appellate court where the record fails to show any objection or exception thereto or ruling thereon.

4. When a defendant in a criminal prosecution conceives that the state attorney has used improper and harmful language in his argument to the jury, in order to have the same reviewed by an appellate court it must be made to appear that such language was brought to the attention of the trial court, a ruling obtained thereon and exception taken to such ruling.

5. In the facilitation of business trial courts must regulate the conduct of proceedings before them, and generally it is not an abuse of discretion to prevent repetition of questions previously asked and answered by witnesses, and it will not be held to be error if the court sustains 'objections to questions substantially answered at a previous or subsequent stage of the trial.

6. Where in a homicide trial the jury, after having had the case submitted to them and deliberated for some' time, returns into the court room and announce their failure to agree upon a verdict and, in response to an inquiry from the court if he can assist them upon any matter of law, requests the court to re-read the portion of his written charge defining the various degrees of homicide, it is not error for the court to re-read that portion of the charge only and not the entire charge, since it cannot be assumed that a repetition of the whole of the charge would have tended to enlighten the jury or. that the re-reading of · the portion defining the offense charged only was harmful.

.A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Affirmed.

*Frank D. Brennan,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.—Upon an indictment charging murder in the first degree plaintiff in error was tried and found guilty of manslaughter. Writ of error was taken from this court to review the judgment imposing sentence upon him by the trial court.

Rulings of the court sustaining a demurrer of the State to a plea in abatement interposed by the defendant, denying defendant's motion for a new trial, and entering judgment against the defendant are assigned as errors upon which a reversal is sought.

The first assignment not being argued will be considered abandoned. Bass v. State, 58 Fla. 1, 50 South. Rep. 531; Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656.

Under the second assignment it is contended that the evidence is insufficient to support the verdict and judgment of conviction. There is, we think, ample support in the evidence to sustain a conviction of even a higher degree of homicide than manslaughter. Deceased was shot and killed by defendant, according to the State's theory amply sustained by proof, though disputed by witnesses for defendant, without any provocation and when there was no necessity, real or fancied, for such action. There is nothing to indicate that the jury were influenced by considerations outside the evidence. Questions of fact are peculiarly for the jury. Instances of irreconcilable conflict in the evidence are frequent. In such cases it is the province of the jury to determine which is true, and as they find the truth to render their verdict. Where there is in the record competent evidence sufficient to sustain the verdict, although it may be contradicted by other evidence appar-

ently equally creditable, the appellate court is not authorized to disturb the jury's findings. Newman v. State, 84 Fla. 455, 94 South. Rep. 154; Hobbs v. State, 77 Fla. 228, 81 South. Rep. 444; Martinez v. State, 76 Fla. 159, 79 South. Rep. 751; Bailey v. State, 76 Fla. 213, 79 South. Rep. 730; F. E. C. Ry. Co. v. Geiger, 66 Fla. 582, 64 South. Rep. 238.

Remarks of the trial judge alleged to have been made during the progress of the trial and statements of the State attorney alleged to have been made in his argument to the jury are urged as reversible error, but the record discloses no exception to either of these. The point therefore cannot be considered by this court. Graham v. State, 72 Fla. 510, 73 South. Rep. 594; Lampkin v. State, 70 Fla. 448, 70 South. Rep. 440; Daly v. State, 67 Fla. 1, 64 South Rep. 358; Smith v. State, 65 Fla. 56, 61 South. Rep. 120.

Rulings of the trial court, made grounds of the motion for new trial, sustaining objections to questions propounded by counsel for defendant to witnesses and overruling objections interposed by him to questions of the state attorney to other witnesses are urged as error. One of these is a ruling sustaining an objection by the state attorney to a question to the defendant while giving evidence in his own behalf. The question had previously been propounded and answered by the witness. The evidence sought to be elicited was therefore before the jury and even if the ruling was erroneous it was not harmful. In the facilitation of business trial courts must regulate the conduct of proceedings before them and generally it is not an abuse of discretion to prevent repetition of questions previously asked and answered by a witness, and it is not error if the court refuses to allow a witness to answer certain questions substantially answered at a previous or subsequent stage of the proceedings. Childers v. State, 74 Fla. 288, 77 South.

Rep. 99; Wooldridge v. State, 49 Fla. 137, 38 South. Rep. 3; Eatman v. State, 48 Fla. 21, 37 South. Rep. 576. Other excluded evidence was clearly inadmissable because irrelevant.

The charge of the court is comprehensive and fully covers the law of the offense of which plaintiff in error was convicted. No additional charges were requested. After deliberating for some time the jury returned into the court room and announced that they could not agree upon a verdict. Inquiry was then made by the court if he could assist them upon any matter of law, and upon request by a juror the trial judge read from his written charge previously given the law defining the different degrees of homicide. It is contended that the court upon this request should have re-read his entire written charge and not a part of it only and that failure to do so was reversible error. There is no merit in this contention. It cannot be assumed that a repetition of more than that specially requested would have tended to enlighten the jury or assist in an intelligent disposition of the case by them, and such course would often needlessly protract the proceeding. Gracy v. State, 53 Fla. 350, 42 South. Rep. 903; Rieger v. United States, 107 Fed. 916; Fordham v. State, 112 Ga. 228, 37 S. E. Rep. 391; Gravette v. State, 74 Ga. 191.

No error being made to appear the judgment is affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS AND BROWNE, J. J., concur.