272 So.2d 174 (1973)
Neal Alfonza STILLS, Appellant,
v.
STATE of Florida, Appellee.
No. Q-251.
District Court of Appeal of Florida, First District.
January 30, 1973.
*175 Louis O. Frost, Jr., Public Defender, Barry A. Sinoff, Thomas C. Turner, William L. Coalson, and Steven E. Rohan, Asst. Public Defenders, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
CARROLL, DONALD K., Judge.
The appellant-defendant was charged with first degree murder and convicted of second degree murder by the Circuit Court for Duval County and has appealed from his judgment of conviction and sentence.
The principal question presented for our determination in this appeal is whether the trial court committed reversible error in denying the defendant's request to include that portion of the court's instructions relating to justifiable homicide and self-defense when that court repeated, at the jury's request, that portion of the instructions pertaining to lesser included offenses to murder in the first degree.
The defendant was charged by indictment with having unlawfully killed one Bates, with a premeditated design, by shooting him with a shotgun. The evidence adduced at the trial showed that on the date in question the defendant entered a small confectionery store in Jacksonville, Florida, exchanged some words with Bates, and then shot him. The testimony was in conflict as to some of the details of the incident. For instance, some of the testimony was to the effect that two days before, the defendant had been hit with a pistol, shot at, and threatened by Bates and that Bates had a reputation in the community as being a man of violence.
At the end of the trial the court initially instructed the jury on all of the degrees of unlawful homicide and also on justifiable and excusable homicide. After the jury had deliberated for about one-and-a-half hours, a juror stated to the court that the jury would like the court to read the instructions on first and second degree murder.
The defense counsel then asked the court to give the instruction as to self-defense at the time of the repeated instructions on first and second degree murder, and objected when the court failed to give the requested instruction along with the instructions on first and second degree murder.
In support of his contention in this appeal, the defendant cites, and relies heavily upon, the decision of the Supreme Court of Florida in Hedges v. State, 172 So.2d 824 (Fla. 1965).
The situation in the Hedges case was analogous to that in the case at bar. In Hedges the question before the court was, in the words of Mr. Justice Thornal, speaking for the Supreme Court, whether a charge defining degree of homicide should also include a definition of excusable and justifiable homicide.
In the Hedges case, supra, the defendant was indicted for first degree murder and was convicted of manslaughter. As in the case at bar, the trial court initially instructed the jury on all the degrees of unlawful homicide and also on justifiable and excusable homicide. After some deliberation a juror requested that the trial court repeat its instructions on the degrees of unlawful homicide. The court repeated its said instructions but denied the defense counsel's request to include therein the charges on justifiable and excusable homicide. The Supreme Court said:
"The judge had the view that since the jury requested only the charges on degrees of homicide, he had no obligation to repeat his charge on justifiable and excusable homicide."
The Supreme Court then held that the trial judge's said view was in error and reversed the judgment of conviction for a new trial. The Supreme Court's "ratio decidendi" was set forth by the Supreme Court as follows:
"In the instant case when the judge repeated his charges on degrees of homicide he should have included the requested *176 definitions of justifiable and excusable homicide. Failure to do so erroneously left with the jury an incomplete, and, potentially misleading instruction." Bagley v. State, 119 So.2d 400 (Fla.App. 1960), McCray v. State, 89 Fla. 65, 102 So.2d 831 (Fla. 1925).
Upon the authority of the Hedges' decision, the judgment appealed from herein must be, and it is, reversed, and the cause is remanded with directions for a new trial.
Reversed and remanded for a new trial.
SPECTOR, C.J., and RAWLS, J., concur.