294 So.2d 347 (1974)
Willie James BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 73-192.
District Court of Appeal of Florida, Fourth District.
May 17, 1974.
*348 Richard L. Jorandby, Public Defender, and Norman J. Kapner and Rendell F. Brown, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Nelson E. Bailey and Stephen R. Koons, Asst. Attys. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Willie James Brown, appeals a judgment of conviction and sentence for murder in the second degree. We reverse.
The appellant-defendant, Willie James Brown, was charged by information with murder in the first degree. At the conclusion of the evidence, the court instructed the jury on all of the degrees of unlawful homicide and also on justifiable and excusable homicide. Shortly after the jury had begun its deliberation, the foreman of the jury made the following request:
"Explain in layman's words in Murder Two, quote, depraved mind, end of quote, does this mean temporary insanity? Does Murder Two differ from Murder One that it is an instantaneous action rather than premeditated?"
Pursuant to the request, the jury was reinstructed on first and second degree murder. The defendant's request that the court also reinstruct the jury on justifiable homicide, excusable homicide, third degree murder, and manslaughter was denied. The jury found the defendant guilty of murder in the second degree. Judgment was entered accordingly by the trial court. It is from this judgment that the defendant appeals.
The question presented for our determination in this appeal is whether the trial court committed reversible error in denying the defendant's request to include instructions on justifiable homicide, excusable homicide, third degree murder and manslaughter when the court repeated, at the jury's request, instructions on murder in the first and second degree.
The circumstances of the instant case are analogous to those in the recent case of Stills v. State, 272 So.2d 174 (Fla.App. 1973). In Stills the court properly instructed the jury at the end of the trial on all degrees of unlawful homicide, and also on justifiable and excusable homicide. After some deliberation, one of the jurors requested the court to reread the instructions on first and second degree murder. Defense counsel then requested that the court also reinstruct the jury on justifiable homicide and self defense. This request was refused. The trial court reread only the first and second degree murder instructions to the jury. On appeal, the appellate court in Stills concluded that the trial court should have included the instructions requested by the defendant concerning justifiable homicide and self defense when it reinstructed the jury. Failure of the trial court to so instruct left the jury with an incomplete and potentially misleading instruction and constituted reversible error.
*349 Accordingly, the judgment appealed herein is reversed, and the cause is remanded for a new trial.
Reversed and remanded.
WALDEN, J., concurs.
POULTON, TIMOTHY P., Associate Judge, dissents with opinion.
POULTON, TIMOTHY P., Associate Judge (dissenting):
Respectfully, I dissent. There is but one issue on appeal  the matter of the Court's instruction after a question by the jury. It is not argued that the Court's original charge to the jury was improper. After some deliberation, the jury proposed the following question to the Court:
"Explain in layman's words in Murder Two, quote, depraved mind, end of quote, does this mean temporary insanity? Does Murder Two differ from Murder One that it is instantaneous action rather than premeditated?"
The Court proposed to re-instruct on "Murder One" and "Murder Two". The defendant's attorney requested a charge as well on excusable and justifiable homicide. The Court declined the request and re-instructed only upon first and second degree murder.
There are three fairly recent Florida cases bearing upon the issue.
In Hedges v. State, Fla. 1965, 172 So.2d 824, after an original correct instruction and some deliberation, the question by the jury to the Court was:
"We would like for you to go over the different degrees that were stated the other day. There is some confusion as to the different charges there." Id. at 825.
In response to that request, the Court repeated his charge on the degrees of unlawful homicide, but denied the request of the defendant's attorney to include a charge on justifiable and excusable homicide. In holding that the Court should have re-instructed concerning justifiable and excusable homicide, the Supreme Court said:
"Consequently, in any given situation, if an act results in a homicide that is either justifiable or excusable as defined by statute, a not guilty verdict necessarily ensues. The result is that in order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions." Id. at 826.
In Beckton v. State, Fla.App. 1969, 227 So.2d 223, the jury, after some deliberation, made the following request:
"Your Honor, we have a request for a rereading of the law as it applies to murder in the second degree, murder in the third degree, guilty of manslaughter, and also we would like to have a legal explanation of a depraved mind." Id. at 224.
The trial court told the jury it could not enlarge upon the instructions previously given, reiterated the possible verdicts of the jury, and then proceeded to re-read its instructions on murder in the second degree, murder in the third degree, manslaughter, aggravated assault, assault and battery, and assault. However, the Court failed to re-read its instructions on justifiable and excusable homicide. The District Court of Appeal affirmed the judgment of conviction of murder in the second degree. Judge Rawls, dissenting, relied upon Hedges.
The third recent Florida case bearing upon the question is Stills v. State, Fla. App. 1973, 272 So.2d 174. We wish to note parenthetically that counsel for the appellee recognized his professional obligation to call this case  ostensibly harmful to his cause  to the Court's attention. In Stills, at the end of the trial the Court properly instructed the jury on all degrees of unlawful homicide and also on justifiable and *350 excusable homicide. After some deliberation, a juror stated to the Court that the jury would like the Court to read the instructions on first and second degree murder. Defense counsel asked also for an instruction as to self-defense. The trial court re-instructed on first and second degree murder but declined the self-defense re-instruction. In its opinion in Stills, the First District Court of Appeal notes:
"The testimony was in conflict as to some of the details of the incident. For instance, some of the testimony was to the effect that two days before, the defendant had been hit with a pistol, shot at, and threatened by Bates and that Bates had a reputation in the community as being a man of violence." (It was Bates whom the defendant had allegedly killed.) Id. at 175.
Citing Hedges, the Court reversed.
A review of the authorities cited in Hedges reveals the following. In Tipton v. State, Fla. 1957, 97 So.2d 277, the Florida Supreme Court reversed a manslaughter conviction because of insufficiency of proof. The Hedges opinion summarized:
"In Tipton we held that the manslaughter statute, Section 782.07, Florida Statutes, F.S.A., necessarily requires a definition of excusable homicide as an essential of a complete charge." 172 So.2d at 825.
Two other cases cited by the court in Hedges, to wit, Graives v. State, 1932, 127 Fla. 182, 172 So. 716, and Halfrich v. State, 1936, 122 Fla. 375, 165 So. 285, also stand for the proposition that when instructing on manslaughter, one must also necessarily instruct on justifiable and excusable homicide. In Bagley v. State, Fla.App. 1960, 119 So.2d 400, the District Court of Appeal held that the trial court erred in its original charge concerning justifiable homicide because the Court's charge omitted a portion of the statutory definition which in fact applied to that case. Hysler v. State, 1923, 85 Fla. 153, 95 So. 573, holds as follows:
"The charge of the court is comprehensive, and fully covers the law of the offense of which plaintiff in error was convicted. No additional charges were requested. After deliberating for some time the jury returned into the courtroom and announced that they could not agree upon a verdict. Inquiry was then made by the court if he could assist them upon any matter of law, and upon request by a juror the trial judge read from his written charge previously given the law defining the different degrees of homicide. It is contended that the court upon this request should have re-read his entire written charge, and not a part of it only, and that failure to do so was reversible error. There is no merit in this contention. It cannot be assumed that a repetition of more than that specially requested would have tended to enlighten the jury or assist in an intelligent disposition of the case by them, and such course would often needlessly protract the proceeding." 85 Fla. at 157, 95 So. at 574.
In McCray v. State, 1925, 89 Fla. 65, 102 So. 831, the court charged the jury before argument of counsel, as then required by the statute. Following jury argument, the court attempted to sum up by re-reading one paragraph of its original charge. That charge provided in part:
"(T)hen you may find the defendant guilty of murder in the first degree, or murder in the second degree, or manslaughter, as you may further find beyond a reasonable doubt if the evidence warrants it under these instructions." 89 Fla. at 69, 102 So. at 832.
The Supreme Court held that to be error because the instructions emphasized the need for a guilty verdict of some kind. It was held to be error because the court failed to remind the jury that the defendant might be acquitted.
*351 In the case at hand, there was no contention at the time the jury posed its question (transcript 398-409) nor is there any contention in the briefs upon appeal that there was evidence in the case at hand (as in Stills) supporting a theory, for example, of self-defense. There has been no contention that the court's original charge was in any respect incorrect. The jury's question in this case was related only to murder one and murder two. The difference between those charges need not involve a re-definition of manslaughter. Hence, the reasoning of Hedges need not apply.
It may be that in the ordinary case, it is "safer" for the trial judge, when posed questions of this sort, to re-instruct upon all degrees, manslaughter, and justifiable and excusable homicide. However, I am not prepared to say that the failure to re-instruct as requested in this case constitutes reversible error.