DOWNEY, Judge.
Appellant was indicted for first degree murder as a result of the death of two girls. The jury found appellant guilty as charged and the court sentenced him to two concurrent life terms.
Appellant poses three points for consideration on appeal, only one of which we find warrants discussion. The appellate point referred to states that the trial court “erred in refusing to give a complete and adequate charge when reinstructing the jury, at its request, on the degrees of homicide.”
Initially, the jury was properly instructed on all degrees of unlawful homicide. After the jury retired to commence their deliberations, they sent the trial judge a note stating that they were having a problem understanding the difference between murder in the first degree and murder in the second degree and asking the court to clarify the difference between the two offenses. The judge then, in open court, reinstructed the jury on first and second degree murder only. The court overruled appellant’s objection to the limited reinstruction, and it denied appellant’s request that the court reinstruct the jury on all of the degrees of unlawful homicide. Thereafter the jury found appellant guilty of two counts of murder in the first degree.
It seems to be appellant’s contention that anytime the court reinstructs a jury on any degree of murder or of unlawful homicide the court is required to reinstruct fully on all the degrees of murder, plus manslaughter and justifiable and excusable homicide. In support of this contention appellant cites Hedges v. State, 172 So.2d 824 (Fla.1975); Stills v. State, 272 So.2d 174 (Fla. 1st DCA 1973); Martin v. State, 294 So.2d 414 (Fla. 4th DCA 1974); Brown v. State, 294 So.2d 347 (Fla. 4th DCA 1974); Jackson v. State, 317 So.2d 454 (Fla. 4th DCA 1975).
The leading case relied upon by appellant is Hedges v. State, supra. The question presented to the Supreme Court in that case was:
“[Wjhether a charge defining degrees of homicide, including manslaughter, should likewise include a definition of excusable and justifiable homicide.” 172 So.2d at 825.
Quite logically, the Hedges court points out that in instructing the jury on manslaughter it is necessary to define excusable and justifiable homicide and murder because of the definition of manslaughter.
Manslaughter is defined as:
“The killing of a human being by the act, procurement of culpable negligence of another without lawful justification in cases where such killing shall not be justifiable or excusable homicide or murder.”
In analyzing that definition, the Hedges court said:
“One notes immediately that it is in the nature of a residual offense. If a homicide is either justifiable or excusable it cannot be manslaughter. Consequently, in any given situation, if an act results in a homicide that is either justifiable .or excusable as defined by statute, a not guilty verdict necessarily ensues. The result is that in order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions.” 172 So.2d at 826.
*514 The principle to be gleaned from Hedges is that in reinstructing a jury the trial court is not required to once again give the jury the Court’s entire charge. Hysler v. State, 85 Fla. 153, 95 So. 573 (1923), “However, the repeated charges should be complete on the subject involved.” Hedges v. State, supra.
In our opinion a number of the appellate decisions following Hedges have misconstrued the rule announced there and extended it beyond its proper sphere. One example of that is this Court’s opinion in Brown v. State, 294 So.2d 347 (Fla. 4th DCA 1974). In Brown the jury requested further information regarding “murder two” and “murder one”, so the court rein-structed them only on those two degrees of murder. Predictably, the defense requested the court to also reinstruct on third degree murder, manslaughter and excusable and justifiable homicide. The court refused that request. The Brown court, relying upon Stills v. State, supra, held that upon reinstruction of the jury on first and second degree murder the court is required to rein-struct upon the other degrees of murder as well as manslaughter and excusable and justifiable homicide, upon request of the defendant. Failure to comply with the defendant’s request, said the Brown court, left the jury with an incomplete and potentially misleading instruction and constituted reversible error. We now recede from that holding in Brown, since we conclude that both Brown and Stills misinterpreted Hedges. Judge Timothy Poulton’s dissent in Brown recognizes the point we would make here. While a court cannot give a complete instruction on manslaughter without defining excusable and justifiable homicide and murder, we conclude that a court can certainly define first and second degree murder fully without also defining manslaughter. The reason for this conclusion is that, unlike the definition of manslaughter, which definition specifically excludes murder, the definitions of first and second degree murder do not by definition specifically exclude manslaughter. Therefore, a court may completely define first degree murder and second degree murder without making any reference to manslaughter and excusable and justifiable homicide.
In passing, we think it advisable to mention that in Jackson v. State, 317 So.2d 454 (Fla. 4th DCA 1975), the circuit court rein-structed the jury on second and third degree murder and manslaughter, but (at the jury’s suggestion) not on excusable and justifiable homicide. We correctly held there that (because of the reinstruction on manslaughter) the omission of a reinstruction on excusable and justifiable homicide was reversible error.
For the foregoing reasons we find that no reversible error has been demonstrated and the judgment and sentence appealed from is
AFFIRMED.
ALDERMAN, C. J., and ANSTEAD, J., concur.