359 So.2d 864 (1978)
John Wesley HENRY, Petitioner,
v.
STATE of Florida, Respondent.
No. 52705.
Supreme Court of Florida.
June 1, 1978.
*865 Richard L. Jorandby, Public Defender, Craig S. Barnard, and Tatjana Ostapoff, Asst. Public Defenders, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles A. Stampelos, Asst. Atty. Gen., West Palm Beach, for respondent.
SUNDBERG, Justice.
On January 13, 1976, petitioner was indicted for first degree murder resulting from the death of two girls. The jury found petitioner guilty as charged and the court sentenced him to serve concurrent life terms.
At the conclusion of the trial, the jury was instructed on first degree murder, attempted murder in the first degree, murder in the second degree, attempted murder in the second degree, murder in the third degree, attempted murder in the third degree, manslaughter, justifiable homicide, and excusable homicide. After the jury retired to deliberate, they sent the judge a note that read as follows:
It will not be necessary to hear Mr. World's testimony. We do have a problem understanding the difference in murder in the first degree and murder in the second degree. In other words, can this be clarified?
After a conference with counsel, the judge in open court reinstructed the jury on first and second degree murder. Petitioner objected to the limited reinstruction, contending that the court should have reinstructed the jury on all of the degrees of unlawful homicide and upon justifiable and excusable homicide. Petitioner's objection was overruled. Thereafter, the jury returned its verdict finding petitioner guilty of murder in the first degree.
On appeal, the District Court of Appeal, Fourth District, affirmed the judgment and sentence appealed from,[1] and on rehearing certified to this Court the following question as being one of great public interest:
WHETHER A TRIAL COURT MUST REINSTRUCT THE JURY UPON ALL *866 DEGREES OF HOMICIDE AND/OR UPON JUSTIFIABLE AND EXCUSABLE HOMICIDE UPON TIMELY REQUEST THEREFOR WHERE THE COURT REINSTRUCTS UPON FIRST AND SECOND DEGREE MURDER AFTER A REQUEST BY THE JURY TO CLARIFY THE "DIFFERENCE IN MURDER IN THE FIRST DEGREE AND MURDER IN THE SECOND DEGREE"?
We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution, to entertain the certified question, and in accordance therewith, we answer it in the negative.
In Hysler v. State, 85 Fla. 153, 95 So. 573 (1923), this Court established the principle that it is proper for a judge to limit the repetition of the charges to those specially requested as any additional instruction might needlessly protract the proceedings. We echoed this principle in Hedges v. State, 172 So.2d 824 (Fla. 1965), but added the caveat that the repeated charges should be complete on the subject involved. Id. at 826. This view is shared by numerous courts from diverse jurisdictions. United States v. Wharton, 139 U.S. App.D.C. 293, 433 F.2d 451 (1970); United States v. Salter, 346 F.2d 509 (6th Cir.1965); Whiting v. United States, 321 F.2d 72 (1st Cir.1963), cert. denied, 375 U.S. 884, 84 S.Ct. 158, 11 L.Ed.2d 114 (1963); Apel v. United States, 247 F.2d 277 (8th Cir.1957); Allen v. United States, 186 F.2d 439 (9th Cir.1951); People v. Schader, 71 Cal.2d 761, 80 Cal. Rptr. 1, 457 P.2d 841 (1969); Jones v. State, 234 Ga. 108, 214 S.E.2d 544 (1975); Shouse v. State, 231 Ga. 716, 203 S.E.2d 537 (1974); Creamer v. State, 229 Ga. 704, 194 S.E.2d 73 (1972); Waldrop v. State, 221 Ga. 319, 144 S.E.2d 372 (1965); Carrigan v. State, 206 Ga. 707, 58 S.E.2d 407 (1950); Hatcher v. State, 18 Ga. 460 (1855); East v. State, 339 So.2d 1104 (Ala.Cr.App. 1976); Bennett v. State, 108 Ga. App. 881, 134 S.E.2d 847 (1964); Kimberly v. State, 4 Ga. App. 852, 62 S.E. 571 (1908); State v. Dawson, 278 N.C. 351, 180 S.E.2d 140 (1971); State v. Murray, 216 N.C. 681, 6 S.E.2d 513 (1940); State v. Hamilton, 23 N.C. App. 311, 208 S.E.2d 883 (1974); Commonwealth v. Perkins, 473 Pa. 116, 373 A.2d 1076 (1977); Commonwealth v. McNeil, 461 Pa. 709, 337 A.2d 840 (1975). Furthermore, it is generally recognized that the feasibility and scope of any reinstruction of the jury is a matter residing within the discretion of the trial judge. See Committee Note, Rule 3.410, Florida Rules of Criminal Procedure; United States v. Salter, supra; Whiting v. United States, supra; Allen v. United States, supra; Jones v. State, supra; Shouse v. State, supra; Commonwealth v. Boone, 467 Pa. 168, 354 A.2d 898 (1975); Commonwealth v. Davenport, 462 Pa. 543, 342 A.2d 67 (1975); Commonwealth v. Rodgers, 459 Pa. 129, 327 A.2d 118 (1974); State v. Frandsen, 176 Wash. 558, 30 P.2d 371 (1934); ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Trial by Jury, Section 5.3(b), see commentary. The question before this Court then is whether the trial judge abused his discretion and gave an incomplete instruction on the subject involved in reinstructing only upon first and second degree murder where the jury asked him to clarify the difference between the two offenses.
After the jury specifically asked the trial court to clarify the "difference" between first and second degree murder, the judge responded to counsel on the record as follows:
I see they did not ask any questions concerning the other degrees of homicide, I feel it would be unnecessary and in fact possibly be confusing to reinstruct the Jury on the other degrees of homicide. T-268
Gentlemen, the Jury has asked to be reinstructed. In my opinion, on murder in the first degree and murder in the second degree, if either one of these standard charges made any reference whatsoever to the other degrees, I would then. T-269
But, I feel without being asked to do so by the Jury, it would be unnecessarily confusing to them, and apparently they *867 have no problem whatsoever with the remaining charge. T-269-270.
We can find no abuse of discretion in limiting reinstruction to a direct response to the jury's specific request. Indeed, to do otherwise might not only create confusion in the minds of the jurors but might give the appearance of placing the trial judge in the role of an interested advocate rather than an impartial arbiter. See East v. State, supra. We also note that requiring the court to repeat all of its original instructions whenever the jury requests additional instructions upon a particular point would be both exhausting and time-consuming to the court, the jury, and the parties. The result might be a jury which is deterred from requesting and a court which is restrained from giving, supplemental instructions to help clarify a particular issue. People v. Schader, supra.
Petitioner contends that the restricted reinstruction of the jury below was error because instructions on homicide must be considered as a whole. Inasmuch as each degree of homicide is defined as an "unlawful" killing, it is petitioner's position that to fully explain an "unlawful" killing, the court must also construe "lawful" killings. In reliance upon this proposition, petitioner cites Hedges v. State, supra. In Hedges, the petitioner was indicted for first degree murder of her paramour and was subsequently convicted of manslaughter. Initially, the trial judge instructed the jury on all degrees of unlawful homicide in addition to instructing on justifiable and excusable homicide. After the jury deliberated some six hours and recessed for the night, a spokesman for the jury requested the following from the court:
We would like for you to go over the different degrees that were stated the other day. There is some confusion as to the different charges there.
172 So.2d at 825.
The judge then repeated his charge on the degrees of unlawful homicide but denied the request of petitioner's attorney to include his charge on justifiable and excusable homicide. Counsel for petitioner had suggested that the statute which defines manslaughter specifically excluded justifiable and excusable homicide, thereby making any definition of manslaughter without reference to the other two types of homicide incomplete. Following the affirmance of the ruling of the trial judge by the District Court of Appeal, Second District, this Court invoked its conflict certiorari jurisdiction and quashed the decision under review. After quoting the language of Section 782.07, Florida Statutes (1975), the manslaughter statute, the Hedges Court noted that the specific crime of manslaughter is in the nature of a residuary offense.
If a homicide is either justifiable or excusable it cannot be manslaughter. Consequently, in any given situation, if an act results in a homicide that is either justifiable or excusable as defined by statute, a not guilty verdict necessarily ensues. The result is that in order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions.
172 So.2d at 826 (emphasis supplied).
Thus, the specific holding in Hedges was that where a jury specifically requests reinstruction on the "different degrees" of the charges levied, and, accordingly, the court reinstructs on manslaughter and the other degrees of unlawful homicide, the court is then compelled to reinstruct on excusable and justifiable homicide as a necessary concomitant of manslaughter. See Brown v. State, 294 So.2d 347 (Fla. 4th DCA 1974) (Poulton, Associate Judge, dissenting). The jury in Hedges was given an incomplete instruction with regard to manslaughter. In the instant case, the jury was not reinstructed on manslaughter but was recharged exclusively on first and second degree murder. When the initial jury instruction on manslaughter was given, so were the charges on justifiable and excusable homicide. Consequently, petitioner's reliance *868 upon Hedges v. State, supra, is misplaced.[2]
Petitioner's argument that the jury's understanding of any "unlawful killing" must necessarily depend on its comprehension of "lawful killings" is persuasive. It is obvious that before the defendant can be convicted of any unlawful killing, the jury must conclude that the homicide was not lawful. However, in the case sub judice, it is apparent that the jury had already made that determination by requesting merely a clarification of the "difference" between first and second degree murder. Had they not determined whether the homicide was lawful or unlawful, they would have solicited reinstructions on justifiable and excusable homicide or the other degrees of unlawful homicide, or both. We can contemplate numerous situations where the jury's request does not suggest necessarily that they have already determined whether a homicide has been lawful or unlawful. In those situations, the defendant is entitled to reinstructions on lawful homicide.[3] However, the precise question certified to this Court does not require us to speculate as to those situations presently and we decline to do so. We hold that on the facts of this case, the trial judge did not abuse his discretion in limiting reinstruction to an unambiguous response to the jury's request.
Accordingly, the certified question is answered in the negative and the decision of the District Court of Appeal, Fourth District, is approved.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND and HATCHETT, JJ., concur.
NOTES
[1] 350 So.2d 512 (Fla. 4th DCA 1977)
[2] In Stills v. State, 272 So.2d 174 (Fla. 1st DCA 1973), the District Court of Appeal, First District, was presented with a situation closely analogous to the case sub judice. The court relied on Hedges v. State, supra, in reversing the trial judge because he did not reinstruct the jury on justifiable and excusable homicide. Basing its decision on Stills v. State, supra, the District Court of Appeal, Fourth District, in Brown v. State, supra, also held that where the court reinstructed the jury as to first and second degree murder, it was reversible error not to comply with defendant's request to instruct on justifiable homicide, excusable homicide, third degree murder, and manslaughter. To the extent that these cases directly and indirectly misconstrued the rationale of Hedges, they are hereby overruled.
[3] This is so particularly in view of the fact that while supplemental instructions must be considered as a whole and must be viewed in the light of other instructions already given, they cannot reasonably be considered as other language in the basic charge, since the jury will rely more heavily on such instructions than on any single portion of the original charge. United States v. Carter, 491 F.2d 625 (5th Cir.1974); United States v. Abbadessa, 470 F.2d 1333 (10th Cir.1972); United States v. Wheeler, 444 F.2d 385 (10th Cir.1971); Brown v. Baldwin, 356 F. Supp. 831 (D.C.Mo. 1973).