365 So.2d 701 (1978)
Charles CASTOR, Petitioner,
v.
STATE of Florida, Respondent.
No. 52873.
Supreme Court of Florida.
October 5, 1978.
As Corrected December 19, 1978.
*702 Michael J. Minerva, Public Defender, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for respondent.
ENGLAND, Chief Justice.
The decision of the First District Court of Appeal in this case, reported at 351 So.2d 375, is properly brought to us[1] to decide whether a contemporaneous objection is essential for appellate review when a trial judge re-instructs in response to a jury's request in a homicide case but omits a portion of the homicide instructions which we have declared essential for the jury's complete understanding. The district court essentially held that review is foreclosed when defense counsel has failed to "clearly request" re-instruction on homicide exclusions, despite our announcement in Hedges v. State, 172 So.2d 824 (Fla. 1965), that a failure to do so is error.
In Hedges we said:
"[I]n order to supply a complete definition of manslaughter as a degree of unlawful homicide it is necessary to include also a definition of the exclusions...
It is proper for a judge to limit the repetition to the charges requested. [Citation omitted.] However, the repeated charges should be complete on the subject involved. The giving of a partial instruction fails to inform the jury fully and often leads to undue emphasis on the part given as against the part omitted...
In the instant case when the judge repeated his charges on degrees of homicide he should have included the requested definitions of justifiable and excusable homicide. Failure to do so erroneously left with the jury an incomplete, and, potentially misleading instruction."[2]
Charles Castor was charged by information with second degree murder. At the close of the evidence, the trial court properly instructed the jury on second and third degree murder, on manslaughter, on lesser included offenses,[3] on justifiable and excusable homicide, and on self-defense. After deliberating for approximately thirty minutes, the jury indicated that it desired re-instruction. Before the jury was brought back into the courtroom, this colloquy was held between the court and counsel:
"The Court: Counsel, do you think that we should  that I should read all of the definitions to them or would both of you stipulate and agree that only those that they request would be read to them are necessary to read?
[Castor's attorney]: I think we should read them all.
The Court: All right, bring them in. [Castor's attorney]: You're talking about all lesser included offenses, not the entire instructions.
[Prosecuting attorney]: We're not sure exactly what they want yet."
The jury then assembled in the courtroom and asked
"to have the definition of the various charges read to us again, second degree, third degree, manslaughter."
The trial judge re-instructed on second and third degree murder, on manslaughter, and *703 on the lesser included offenses, aggravated battery, aggravated assault, battery and assault. He did not, however, re-instruct on justifiable and excusable homicide. Following further deliberations the jury returned a verdict finding Castor guilty of murder in the third degree.
Castor appealed to the district court the trial court's failure to re-instruct on justifiable and excusable homicide. The district court found the point not properly preserved and affirmed Castor's conviction.[4]
Castor asserts here that his trial counsel did all that could reasonably be required to request the omitted instructions, and that he was barred from doing more by the trial court's failure to follow our requirement, found in the rules of criminal procedure,[5] that the court submit to counsel all proposed responses to a jury's questions.
As a general matter, a reviewing court will not consider points raised for the first time on appeal. Dorminey v. State, 314 So.2d 134 (Fla. 1975). Where the alleged error is giving or failing to give a particular jury instruction, we have invariably required the assertion of a timely objection. Febre v. State, 158 Fla. 853, 30 So.2d 367 (1947); see Williams v. State, 285 So.2d 13 (Fla. 1973). The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
To meet the objectives of any contemporaneous objection rule, an objection must be sufficiently specific both to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal. See Rivers v. State, 307 So.2d 826 (Fla. 1st DCA), cert. denied, 316 So.2d 285 (Fla. 1975); York v. State, 232 So.2d 767 (Fla. 4th DCA 1969).
These considerations compel us to conclude that in re-instruction cases like the present one, objections must be explicit. They must direct the attention of the trial judge to the purported error in a way which will allow him to respond in a timely fashion.
The record in the case before us highlights the problems posed by counsel's inexactitude. Trial counsel for Castor stated to the judge that the jury should be recharged on all legal definitions the jury may want and any lesser included charges, but he neither signaled the judge before nor after re-instruction that, for completeness, Hedges required that the instructions on justifiable and excusable homicide should also be restated. Nor did trial counsel object, before or after re-instruction, to the trial court's failure to follow our rule regarding the procedure for submitting to counsel all responses to a jury's questions. His failure to do either not only prevented the judge from correcting an inadvertent error, but it produced the delay and systemic cost which result from invoking both levels of the state's appellate structure for the application of a legal principle which was known and unambiguous at the time of trial. Except in the rare cases of fundamental error, moreover, appellate counsel must be bound by the acts of trial counsel.[6]
As a final point, Castor urges that, in reliance on Bagley v. State, 119 So.2d 400 (Fla. 1st DCA 1960), the trial court's failure to provide the jury with the complete re-instruction required by Hedges *704 is indeed fundamental error.[7]Bagley, however, involved the court's initial instructions to the jury, not re-instructions in response to the jury's specific question. The difference is crucial if the doctrine of fundamental error is to remain a limited exception to the requirement that a trial judge must be given an opportunity to correct his own errors. Brown v. State, 124 So.2d 481 (Fla. 1960); Jackson v. State, 307 So.2d 232 (Fla. 4th DCA 1975). And see Henry v. State, 359 So.2d 864 (Fla. 1978), pointing out (as was recognized in Hedges) the significance of the differences between original instructions to a jury and subsequent re-instruction.
For the case before us, we hold that where a jury has once been fully instructed on the applicable law of the case and later requests additional instructions, an appellate court will not review an alleged re-instruction error unless a timely and explicit objection is made to the trial judge.[8] Inasmuch as trial counsel for Castor did not present the trial court with an opportunity to cure a legal but non-fundamental error,[9] we affirm the decision of the district court declining to consider the error on appeal, and discharge the writ.
It is so ordered.
BOYD, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] 172 So.2d at 826. In Hedges, the defendant was tried for first degree murder, and the judge originally gave instructions on all degrees of unlawful homicide and on justifiable and excusable homicide. After some deliberation, the jury requested that the instructions be read again; the trial judge then repeated his charges to the jury on unlawful homicide offenses, but refused the defendant's request that the definitions of justifiable and excusable homicide also be re-read. We reversed that decision.
[3] Instructions were given on aggravated battery, aggravated assault, battery, and assault.
[4] Castor also challenged the validity of his sentence on the ground it was imposed by a different judge than the one who had presided over his trial. Castor reasserts that argument here, but we agree with the district court that the argument lacks merit.
[5] Fla.R.Crim.P. 3.410.
[6] We recognized and reaffirmed this principle most recently in Clark v. State, 363 So.2d 331 (Fla. 1978), in which we announced the requirement of a contemporaneous objection for comments on a defendant's exercise of his right to remain silent.
[7] For an error to be so fundamental that it may be urged on appeal though not properly preserved below, the asserted error must amount to a denial of due process. State v. Smith, 240 So.2d 807 (Fla. 1970).
[8] Recently in Henry v. State, 359 So.2d 864 (Fla. 1978), Justice Sundberg traced the development of jury re-instruction principles and the doctrine, articulated in Hedges, that limited reinstructions are permissible if complete. He concluded, however, and the Court agreed, that it is not an abuse of discretion for a trial judge to limit re-charge to a direct response to the jury's specific request. The need for a contemporaneous objection was not an issue in the Henry case.
[9] There is no assertion by Castor that, except for the alleged re-instruction error, he did not otherwise receive a fair trial.