ALDERMAN, Justice,
concurring in part, dissenting in part.
I agree with that part of the majority opinion which holds that it is not fundamen *962 tal error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object, if the improperly charged offense is lesser in degree or penalty than the main offense. But I disagree with the majority’s limitation of this rule to situations where the improperly charged offense is lesser in degree and penalty than the main offense.
This Court has made it clear by rule and by decision that in order to preserve for appeal the issue of the giving of or failure to give an instruction, the defendant must make a timely objection. Florida Rule of Criminal Procedure 3.390(d); Castor v. State, 365 So.2d 701 (Fla.1978). The obligation of a defendant to object is not obviated by the fact that the offense improperly charged upon is equivalent in penalty to the offense for which he is charged. The reconstructed record before us demonstrates that Ray did not object to the presently contested instruction, and the district court, therefore, properly determined that Ray is es-topped from raising this point for the first time on appeal. By his silence, he has effectually consented to the amendment of the charges against him to conform to the evidence and to include the additional charge of lewd and lascivious conduct. He has not been denied due process because, by his failure to object, he has waived the procedural right of prior notice of the specific charge. The conviction in this case came to the appellate court with a presumption of correctness. The burden was on the defendant to show that he timely objected to what would have been reversible error on the part of the trial court. The defendant has failed to meet this burden, and his conviction should be affirmed.
BOYD, J., concurs.