THOMPSON, Judge.
This is an appeal from a judgment finding Wright guilty of one count of resisting arrest with violence and two counts of battery on a law enforcement officer. We affirm.
The only issue on appeal that warrants discussion is Wright’s contention that the trial court erred in failing to conduct an inquiry as to the prosecution’s reasons for peremptorily striking black jurors. The record does not reflect that the defendant’s counsel interposed a proper objection at any time during the trial to the prosecutor’s use of peremptory challenges to strike black members of the venire. Only twice during the entire trial was the subject mentioned. At a bench conference during voir dire, after the prosecutor had used his first three peremptory challenges to exclude black venirepersons, defendant’s counsel made the following statement:
I'd like the record to note that the state’s three strikes have all been blacks.
After the last juror had been selected, the court asked the state whether it accepted the panel, and the following colloquy occurred.
THE COURT: Accept the panel?
PROSECUTOR: Yes, sir.
THE COURT: Do you accept the panel?
DEFENSE COUNSEL: Yes, sir. Again noting that every state strike was black.
THE COURT: Okay.
DEFENSE COUNSEL: For the record.
Nothing further was said relating to this subject during the entire trial by the court, by defense counsel or by the prosecution.
In the case of State v. Neil, 457 So.2d 481 (Fla.1984) our supreme court established the following test to be used by the courts of this state when confronted with the allegedly discriminatory use of peremptory challenges:
Instead of Swain [v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) ], trial courts should apply the following test. The initial presumption is that peremptories will be exercised in a nondiscriminatory manner. A party concerned about the other side’s use of peremptory challenges must make a timely objection[9] and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that they have been challenged solely because of their race. If a party accomplishes this, then the trial court must decide if there is a substantial likelihood that the peremptory challenges are being exercised solely on the basis of race. If the court finds no such likelihood, no inquiry may be made of the person exercising the questioned peremptories. On the other hand, if the court decides that such a likelihood has been shown to exist, the burden shifts to the complained-about party to show that the questioned challenges were not exercised solely because of the prospective jurors’ race. The reasons given in response to the court’s inquiry need not be equivalent to those for a challenge for cause. If the party shows that the challenges were based on the particular case on trial, the parties or witnesses, or char *75 acteristics of the challenged persons other than race, then the inquiry should end and jury selection should continue.
457 So.2d at 486-487. (Other footnotes omitted.)
The action taken by defense counsel in the instant case wholly fails to meet the requirements of the test established by our supreme court. First, there was no timely objection sufficient to place the trial judge on notice that an error may have been committed and provide him with an opportunity to correct it at an early stage of the proceedings. The action of defense counsel in merely “noting” that the state was striking black venirepersons did not constitute a proper objection and he made no request for an inquiry. Further, defense counsel made no effort to demonstrate on the record that there was a strong likelihood the challenged persons had been challenged solely because of their race. Only if defense counsel accomplishes these requirements is it necessary that the trial court decide if there is a substantial likelihood that the peremptory challenges were being exercised in a discriminatory manner. As our supreme court further held in Neil:
[A] party’s peremptories cannot be examined until the issue is properly presented to the trial court and until the trial court has determined that such examination is warranted.
457 So.2d at 488. A defendant cannot complain on appeal that the peremptory challenges were exercised in a discriminatory manner unless he timely complies with the rule to trigger a Neil inquiry by the trial court. Failure to follow this procedure also deprives the prosecutor of the opportunity to show the challenges were not exercised solely because of race should the court decide that there is a likelihood the challenges were being exercised in a discriminatory manner.
The judgment and sentence is AFFIRMED.
BOOTH and SHIVERS, JJ., concur.

 As stated in Castor v. State, 365 So.2d 701, 703 (Fla.1978):
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings.