PER CURIAM.
Following trial by jury, Roger D’Amico was convicted of one count of grand theft in the first degree and twenty-five counts of grand theft in the third degree. Appellant and his partner, Brian Southern, operated R & B Retirement Manor, which was licensed by the Department of Health and Rehabilitative Services as an Adult Congregant Living Facility (ACLF). An ACLF is similar to a nursing home except that the clients there can take care of themselves with a small amount of assistance while nursing home clients require a greater level of care and supervision. The victim, Jesse Brook, an elderly woman of questionable mental competence, lived in the R & B Retirement Manor. At some point, Brook opened several joint checking accounts with appellant, from which appellant made substantial withdrawals. Brook also sold her home with appellant receiving the proceeds to “fix up” the R & B Retirement Manor. Appellant offered as his defense that he and Brook entered into a “life care” contract under which he agreed to take care of Brook “for life” in exchange for her assets. The jury convicted appellant on all but one count of the twenty-six count information. We affirm.
The appellant raises several points on appeal. Appellant claims that the trial court erred in allowing the prosecutor to introduce evidence of other crimes and bad acts. Appellant breaks his claim here into two parts: evidence which the state elicited at trial but which was not the subject of a Williams rule motion, and evidence for which the state did file a Williams rule *124 motion and which the court decided was admissible. Appellant further claims that: (1) he was denied a fair trial due to the cumulative effect of improper evidence; (2) the trial court erred in failing to allow a jury view; and (3) the trial court erred in assessing restitution and investigative costs.
None of the points raised by appellant merit discussion or show reversible error. However, this court does note that a common theme accompanying the majority of the points raised on appeal was the failure of the defense to raise timely and contemporaneous objections to the matters which are now claimed to be offending, improper and prejudicial. In the absence of a timely objection (especially to matters which do not rise to the level of fundamental error), a reviewing court is left to speculate whether or not the initial failure to object was simply cleverly devised trial strategy which backfired. In Castor v. State, 365 So.2d 701 (Fla.1978), the court stated:
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings.
Id. at 703. The court in Castor went on to point out that, for obvious reasons, the doctrine of fundamental error is a “rare” and “limited” exception. Id. at 703, 704.
AFFIRMED.
ANSTEAD and WARNER, JJ., and STEVENSON, W. MATTHEW, Associate Judge, concur.