WELLS, Justice,
dissenting.
I dissent. Our majority opinion in this case is deficient in that it fails to address the State’s argument that the rules of appellate and juvenile procedure require juvenile defendants to preserve error in the manner contemplated by the Criminal Appeals Reform Act of 1996. I find that this argument has merit and conclude that juvenile defendants who plead guilty or nolo contendere are required to expressly reserve the right to appellate review.
I begin my analysis of this issue with section 985.234, Florida Statutes (1997), which governs appeals from delinquency proceedings. Subsection (1) of this statute provides that appeals may be taken “in the manner prescribed by the Florida Rules of Appellate Procedure.” Florida Rule of Appellate Procedure 9.145 (Appeal Proceedings in Juvenile Delinquency Cases) subsection (a) provides that “[ajppeal proceedings in juvenile delinquency cases shall be as in rule 9.140 except as modified by this rule.”
Rule 9.140 governs appeal proceedings in criminal cases. Subdivision (b)(2) of this rule provides:
(2) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(A) A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being preserved.
*272 (B) A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
(i) the lower tribunal’s lack of subject matter jurisdiction;
(ii) a violation of the plea agreement, if preserved by a motion to withdraw plea;
(iii) an involuntary plea, if preserved by a motion to withdraw plea;
(iv) a sentencing error, if preserved; or
(v) as otherwise provided by law.
Rule 9.145 does not modify this language from rule 9.140. Thus, under the express language of section 985.234(1), Florida Statutes, and rules 9.145 and 9.140, I conclude that the same limits on the appeals in criminal cases in which a defendant pleads guilty or nolo contendere apply with equal force to delinquency proceedings in which a juvenile pleads guilty or nolo contendere. This conclusion is also in accord with Florida Rule of Juvenile Procedure 8.080(b)(4), which provides that when evaluating the voluntariness of a plea of guilty or nolo contendere in a delinquency proceeding, the court shall determine whether the child understands:
(4) That, if the child pleads guilty or nolo contendere, without express reservation of the right to appeal, the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, is relinquished, but the right to review by appropriate collateral attack is not impaired.
Public policy, in addition to our rules of appellate procedure, requires that juvenile defendants preserve issues for appellate review in the manner contemplated under the Criminal Reform Act. The 1996 amendments to the Florida Rules of Appellate Procedure,[1] which we adopted in response to the reforms passed by the legislature, recognize the soundness of addressing issues to the trial court for correction before an appeal. I agree with the district court’s analysis in Neal v. State, 688 So.2d 392, 395 (Fla. 1st DCA 1997), which points out that the statutory requirement of preserving issues for appellate review merely codifies the existing legal policy as expressed by this Court in Castor v. State, 365 So.2d 701 (Fla.1978):
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
Id. at 703. I see no reason why this policy should not apply to juvenile proceedings. To the contrary, I think this is the policy which was adopted for juvenile defendants when we amended the rules of appellate procedure which control appeals from juvenile delinquency proceedings.
Therefore, I would grant the State’s motion for rehearing.
PARIENTE, J., concurs.

. Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla. 1996).