750 So.2d 755 (2000)
Clint Michael BARKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4969.
District Court of Appeal of Florida, Second District.
February 4, 2000.
*756 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Clint Michael Barkley appeals his conviction for second-degree murder in the death of Edward Collesano. Barkley argues that the trial court erred in refusing to instruct the jury that he had no duty to retreat from the home before using deadly force in self-defense. Based on the recent supreme court decision in Weiand v. State, 732 So.2d 1044 (Fla.1999), we agree and reverse. As to the second issue on appeal, we find no merit and affirm without discussion.
Barkley argues that the trial court erred in denying his requested jury instruction on the privilege of nonretreat based on the evidence that he was a cooccupant of the home. While Florida previously recognized that someone, while in his or her home, had no duty to retreat when attacked by an invitee, see Hedges v. State, 172 So.2d 824 (Fla.1965), this privilege did not apply when the attack came from a co-occupant, see State v. Bobbitt, 415 So.2d 724 (Fla.1982). In Weiand, the supreme court receded from Bobbitt and held that a defendant is not required to retreat from his or her residence before justifiably resorting to deadly force in selfdefense against a co-occupant if that force is necessary to prevent death or great bodily harm. See 732 So.2d at 1049-50. We note that the trial court did not have the benefit of Weiand at the time of trial. This decision, however, is applicable to all cases pending on direct review or not yet final. See 732 So.2d at 1058.
The State argues that Barkley failed to preserve this issue for review because he did not make a request for the specific instruction approved in Weiand. Barkley did request an instruction to explain that he had no duty to retreat from his new residence in the face of an attack by a co-occupant. He renewed his objection to this omission after the trial court instructed the jury. Therefore, we conclude that the issue was properly preserved. The State further argues that any error was harmless. In closing argument, the prosecutor emphasized Barkley's duty to retreat. Thus, we cannot say the error was harmless. Accordingly, we reverse.
Reversed and remanded for a new trial.
THREADGILL, A.C.J., and STRINGER, J., Concur.