BROWNING, J.
concurring in part and dissenting in part.
I concur with the majority’s opinion except to the extent it determines the defendant did not preserve the trial court’s error from which I dissent.
The majority affirms the trial court’s obvious incorrect and prejudicial application of existing law on grounds that defense counsel failed to preserve the issue by proper objection. I disagree. The basis for the preservation rule is succinctly stated in Castor v. State, 365 So.2d 701 (Fla.1978):
The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary *552 use of the appellate process result from a failure to cure early that which must be cured eventually.
Id. at 703. The rule is inapplicable when a trial court prohibits an objection. Here, the trial court abruptly interrupted defense counsel in mid-sentence with the remark “you can appeal the decision if you disagree with it.” It is true the first five words of defense counsel’s sentence concerned restating previous objections, but use of these words in the opening of a sentence when stating his objection provides no indication of what might have followed had the trial court permitted counsel to continue. Absent clairvoyance, there is no way for anybody to discern what defense counsel might have said had the trial court allowed him to continue. Counsel had every right to begin by restating his objections and then proceeding to other objections that might have presented to the trial court the error raised on appeal. The trial court, before terminating defense counsel’s statement, should have inquired whether he had an objection not previously stated. Defense counsel was not required to risk a contempt of court citation to preserve an objection the trial court obviously did not want to hear.
In summary, the trial court should bear the burden of its misapplication of law and be reversed rather than place the onus of the incorrect ruling on the defendant. To affirm on such a basis, I believe, constitutes a departure from the reason for. the preservation rule. A reversal would result in the proper application of law to this case, and, in my judgment, reduce instances of similar conduct in the future-proper objectives in my judgment.
For these reasons, I respectfully dissent in part.