McCORD, Judge,
dissenting.
As to Point I, I agree with the majority opinion that there was no error.
As to Point II, appellant’s theory of the case was that he pointed the loaded shotgun at the victim in self-defense, and it accidentally fired. The record, however, is devoid of evidence which would support a self-defense need for appellant to point the gun at the victim. The evidence without contradiction is that the victim was not armed at the time, was standing with her arms at her side, and was not advancing on appellant. Thus, there was no self-defense predicate for introduction of evidence as to violent character and reputation of the deceased victim. I, therefore, disagree with the majority opinion that the trial court erred in not allowing such evidence.
As to Point III, I do not find an abuse of discretion by the trial court in declining (on such reinstruction) to again instruct the jury on the definitions of justifiable and excusable homicide. The record shows that the jury after retiring returned to the courtroom, and upon being asked by the trial court if they had a question, their foreman replied:
“They wanted to look over the definitions of the different penalties. I mean, you know, for First-Degree Murder and Second-Degree and Third, and so on, and Manslaughter.”
It is significant that, from the foreman’s statement, the jury was only concerned with the penalties for the various degrees of unlawful homicide. The court in endeavoring to determine more exactly what they wanted said, “Do you want me to read them to you again?” The foreman indicated that they wanted the information in writing so they could take them into the jury room “and sort of study them to find out exactly what we want, want to do.” The court then indicated that its copies were so marked up that it didn’t think they could make much out of them and asked if they had any particular point that they wanted to clarify. The foreman then said, “We just don’t trust our memories real well, and we thought if we had it laid out there before us, we could review it and talk about it.” The court then made no reference to the penalties which is all the jurors had asked for and said, “At the outset, I mentioned that homicide is the killing of a human being, and that it can be either Excusable or Justifiable Homicide, or it can be a criminal act of Murder in the First, Second or Third Degree or Manslaughter. Now do you want me just to talk about the unlawful ones?” The foreman then replied, “The definitions of them, yes, sir.” It is significant that the court then repeated, “Of the unlawful ones?” The foreman replied, “Yes, sir.” The court then reinstructed the jury in a brief summarization on murder in the first degree, murder in the second degree, murder in the third degree, and manslaughter and concluded by saying:
“Now, of course, if there is Excusable or Justifiable Homicide, then none of these apply, and the defendant should be found not guilty. But if it’s any of these others, then that is a matter for you to give consideration to. Does that enlighten you any?”
The foreman replied, “Yes, sir, thank you.”
It is quite apparent that the jury, upon return to the courtroom, was not concerned with justifiable or excusable homicide and only wanted reinstruction on the penalties for the various degrees of unlawful homicide. In Henry v. State, 359 So.2d 864 (Fla.1978), the Supreme Court said:
“In Hysler v. State, 85 Fla. 153, 95 So. 573 (1923), this Court established the *848 principle that it is proper for a judge to limit the repetition of the charges to those specially requested as any additional instruction might needlessly protract the proceedings.”
There the jury had requested additional instructions on first and second degree murder, and the court reinstructed the jury only on such degrees omitting the lesser degrees and excusable and justifiable homicide. The court pointed out that it is generally recognized that the feasibility and scope of any reinstruction of the jury is a matter residing in the discretion of the trial judge. It went on to rule as follows:
“We can find no abuse of discretion in limiting reinstruction to a direct response to the jury’s specific request. Indeed, to do otherwise might not only create confusion in the minds of the jurors but might give the appearance of placing the trial judge in the role of an interested advocate rather than an impartial arbiter. See East v. State, supra. We also note that requiring the court to repeat all of its original instructions whenever the jury requests additional instructions upon a particular point would be both exhausting and time-consuming to the court, the jury, and the parties. The result might be a jury which is deterred from requesting and a court which is restrained from giving, supplemental instructions to help clarify a particular issue.”
The court pointed out that its ruling was not contrary to its previous ruling in Hedges v. State, 172 So.2d 824 (Fla.1965), in which the court had ruled that it was error to recharge the jury on the various degrees of homicide and not include instructions on justifiable and excusable homicide. In Hedges, the jury on return stated that it would like for the judge to go over the different degrees, and the judge reinstruct-ed on the various degrees of homicide without including excusable and justifiable homicide. In Henry, on the other hand, the jury only requested reinstruction on first and second degree murder. In the case sub judice, the jury only requested reinstruction on the penalties for the various degrees of homicide and subsequently, on questions from the court, the request was limited to the definitions of the various degrees of unlawful homicide. The trial judge specifically inquired twice of the jury foreman as to whether they desired only instruction as to unlawful homicide and received an affirmative answer both times. He then proceeded to briefly summarize the elements of the degrees of unlawful homicide and concluded by specifically telling the jury:
“Now, of course, if there is Excusable or Justifiable Homicide, then none of these apply, and the defendants should be found not guilty. But if it’s any of these others, then that is a matter for you to give consideration to.”
The trial judge thus clearly told the jury they were to find the defendant not guilty if they found there was excusable or justifiable homicide even though their request for instruction related only to the various degrees and elements of unlawful homicide. I find no abuse of discretion and would affirm.
Also as to Point III, although not referred to in the majority opinion, the evidence did not support appellant’s requested instruction on manslaughter as defined in § 782.11, Florida Statutes, and, thus, there was no error in the trial court not giving such instruction when the jury was rein-structed at its request after it had retired.