COBB, J.
Sedney was convicted of two felony counts involving lewd conduct with a child, one A.H. On appeal he argues that the trial court erred by admitting into evidence the letters he wrote to A.H., which *1075 letters were intercepted and did not reach her. Sedney relies upon our opinion in Nichols v. State, 760 So.2d 223 (Fla. 5th DCA 2000), rev. denied, 789 So.2d 348 (Fla.2001).
We reject Sedney’s argument for reversal on two bases. First, the issue was not preserved for review. A timely and sufficiently specific objection must be made at the time of the claimed error in order to preserve the point on appeal. Castor v. State, 365 So.2d 701 (Fla.1978); Anderson v. State, 549 So.2d 807 (Fla. 5th DCA 1989), rev. denied, 560 So.2d 232 (Fla.1990). While Sedney sought to exclude the letters on the basis of undue prejudice via a pretrial motion, he failed to renew his objection on the same grounds at the time the evidence was admitted during trial. His objection at trial related solely to identification of the letters, a point not raised on this appeal.
Moreover, even if the issue was properly preserved, the letters were properly admitted; the factual setting in Nichols is clearly distinguishable from that in the instant case. In Nichols, we held that the trial court erred by allowing into evidence a journal and a “letter” written by the defendant while in jail awaiting trial, neither of which was sent to the victim, neither of which admitted guilt of the offense with which the defendant was charged, and neither of which related to the defendant’s state of mind at the time of the alleged offense. In that case, the sole issue was whether there was consensual sex between two adults who lived together on a part-time basis.
In the instant case it was admitted that there were multiple gropings of the vaginal and breast area of the minor female victim and the only argument raised by Sedney at trial was that the touchings were of a jocular or parental nature, rather than of a sexual nature, at least in his mind. The letters, written and sent to the minor during the time of the offenses, contained crude sexual references and were relevant to Sedney’s state of mind and intentions at the time of the alleged offenses. We agree with the argument in the state’s brief:
Unlike the writings in Nichols v. State, 760 So.2d 223 (Fla. 5th DCA 2000), the letters by Appellant were written during the time frame set forth in the information rather than after the defendant’s arrest. At issue in this case was the nature of Sedney’s relationship with the victim. The letters, written during the time Sedney was molesting the victim, have a direct bearing on the Sedney’s state of mind. Under these circumstances, the trial court properly allowed the evidence to demonstrate Sedney’s intent in touching the victim’s breasts and vaginal area. Sedney has not demonstrated an abuse of discretion.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.